IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ROBERT ROSS** § | | |
| *Plaintiff,* § | | |
| § | | |
| VS. § | CIVIL ACTION NO. 3:15-cv-2909 | |
| § | | |
| **R&R EXPRESS, LLC AND MICHAEL** § | | |
| **ROBIDOY** § | | |
| *Defendants.* § | | |

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS:**

Comes now Defendant, MICHAEL ROBIDOU, improperly named as Michael Robidoy, ("Defendant Robidou"), and hereby petitions this Court pursuant to 28 U.S.C. §§ 1332, 1441 (b), and 1446 for removal on the basis of diversity jurisdiction to the United States District Court for the Northern District of Texas, Dallas Division, of the action numbered and styled *Robert Ross v. R&R Express LLC and Michael Robidoy,* Cause No. DC-15-07588, in the 101st District Court of Dallas County, Texas, (the "State Court Case"), and in support thereof would respectfully show this Court as follows:

## I.
## REMOVAL IS TIMELY

1.   Defendant R&R Express, Inc., improperly named as R&R Express, LLC, ("Defendant R&R Express, Inc.") received Plaintiff's Original Petition on July 30, 2015 via certified mail, return receipt requested upon their registered agent for service in Texas. Defendant Robidou did not receive a copy of the petition until August 6, 2015.[1] This Removal is filed within thirty (30) days of Defendant Robidou's receipt of Plaintiff's Original Petition and is

---

[1] *See*, United States Post Office Confirmation of Delivery, Exhibit A.

timely filed pursuant to 28 U.S.C. § 1446(b).[2]  Defendant Robidou seeks to remove the matter and is therefore the Removing Defendant.  Defendant R&R Express, Inc. has consented to removal in writing.[3]

## II.
## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

2.The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties.  Plaintiff in this action is a citizen of a different state from the defendants, and no defendant is a citizen of Texas.  As a result, complete diversity exists.

3.Plaintiff Robert Ross was a citizen of Dallas County, Texas at the time this action was filed.  Consequently, Plaintiff was at the time this action was commenced, and is currently, a citizen of the State of Texas.

---

[2] *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354, 119 S. Ct. 1322, 1328, 143 L. Ed. 2d 448 (1999); *Baum v. Avado Brands, Inc.*, CIV.A. 3:99-CV-0700G, 1999 WL 1034757 (N.D. Tex. Nov. 12, 1999) ("(…) every district court in Texas to consider the question has held that the thirty-day period begins to run when the Defendant actually receives service, not when service is effected upon the Secretary of State."); *Barrackman v. Banister*, CIV.A. H-06-3622, 2007 WL 189378 (S.D. Tex. Jan. 22, 2007) (The majority of the courts considering this question have held that the time for removal runs from the receipt by the named defendant after transmission from the statutory agent.); *See Burton v. Continental Cas. Co.,* 431 F.Supp.2d 651 (S.D.Miss.2006) (holding that service on statutory agent insufficient to begin removal period); *Backes v. Colonial Life & Accidence Ins. Co.,* 2006 WL 901799 (E.D.La. April 4, 2006); *Cox v. Sprung's Transport & Movers Ltd.,* 407 F.Supp.2d 754, 756 (D.S.C.2006) (holding that service upon statutory agent insufficient to begin period for removal); *Lilly v. CSX Transp., Inc.,* 186 F.Supp.2d 672, 675 (S.D.W.Va.2002) ("where service of process is effected on a statutory agent, the time for removal does not begin to run until the defendant has actually received a copy of the process"); *Hibernia Community Development Corp. v. U.S.E. Community Servs. Group, Inc.,* 166 F.Supp.2d 511, 513 (E.D.La.2001) (removal period runs from time the named defendant actually receives the complaint, not from when statutory agent served); *Auguste v. Nationwide Mutual Ins. Co.,* 90 F.Supp.2d 231, 232 (E.D.N.Y.2000) (same); *Baum v. Avado Brands, Inc.,* 1999 WL 1034757, at *2 (N.D.Tex. Nov.12, 1999) (commenting on and adopting majority view); *1015 Half Street Corp. v. Warehouse Concepts, Inc.,* 1999 WL 1212885, at *2 (D.D.C. Oct.26, 1999) (same); *Monterey Mushrooms, Inc. v. Hall,* 14 F.Supp.2d 988, 991 (S.D.Tex.1998) (same); *Wilbert v. Unum Life Ins. Co.,* 981 F.Supp. 61, 63 (D.R.I.1997) ("When a statutory agent is served, the clock for removal does not begin ticking as it would if defendant itself had been served but rather starts when defendant receives actual notice of the service from the statutory agent"); *Pilot Trading Co. v. Hartford Ins. Group,* 946 F.Supp. 834, 839 (D.Nev.1996) (time for removal runs from time of actual receipt by the named defendant); *Medina v. Wal-Mart Stores, Inc.,* 945 F.Supp. 519, 520 (W.D.N.Y.1996) (same); *Taphouse v. Home Ins. Co.,* 885 F.Supp. 158, 161 (E.D.Mich.1995) (same); *Skidaway Assocs. Ltd. v. Glens Falls Ins. Co.,* 738 F.Supp. 980, 982 (D.S.C.1990) ("The law appears to be settled that service on a statutory agent ... does not start the running of the removal statute time limitation period as would service on the defendant or an agent designated by the defendant.").

[3] *See* R & R Express, Inc.'s Consent to Removal, Exhibit B.

4. Defendant R&R Express, Inc. is a corporation incorporated under the laws of the State of Pennsylvania, having its principal place of business in Pennsylvania. Consequently, Defendant R&R Express, Inc. was at the time this action was commenced, and is currently, a citizen of the State of Pennsylvania and no other state.

5. Defendant Robidou was a citizen of Lapeer County, Michigan at the time this action was filed. Consequently, Defendant Robidou was at the time this action commenced, and is currently, a citizen of the State of Michigan.

### III.
### AMOUNT IN CONTROVERSY

6. Under established Federal law, a case may be removed unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *Marcel v. Pool Co.*, 5 F.3d 81, 84 (5th Cir. 1993) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 282 (1938)); *Williams v. State Farm Mutual Automobile Ins. Co.*, 931 F. Supp. 469, 471 (S.D. Tex. 1995); *Johnson v. Dillard Dept. Stores, Inc.*, 836 F. Supp. 390 (N.D. Tex. 1993). In assessing whether removal is proper, the Court must first determine whether it is facially apparent that the amount in controversy exceeds $75,000.00. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995); *HWJ, Inc. v. Burlington Ins. Co.*, 926 F. Supp. 593 (E.D. Tex. 1996). When the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if alleged in good faith. *Allen*, 63 F.3d at 1335 (*citing St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938)); *Williams,* 931 F. Supp. at 471. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 276, 97 S. Ct. 568, 571, 50 L. Ed. 2d 471 (1977) (*citing St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938)). Put

another way, jurisdiction is effectively established by showing that the claim is *probably* in excess of the requisite jurisdictional level. *Tupperware Home Parties v. Stewart*, 40 F.3d 384, 385 (5th Cir. 1994). Whether expressed in terms of "good faith" or "legal certainty," the standard clearly favors those parties seeking to invoke the jurisdiction of a federal district court. *Opelika Nursing Home, Inc. v. Richardson*, 448 F.2d 658, 663 (5th Cir. 1971).

7. Plaintiff's Original Petition asserts that he is owed damages between $100,000.00 and $200,000.00 in this suit.[4] As such, Plaintiff has judicially admitted that the amount in controversy requirement is met in this case. Further, when taking Plaintiff's pleadings as true and viewed in the light most favorably to him, it cannot be proven to a legal certainty that the amount in controversy would be less than $75,000.00. It is therefore facially apparent that the amount in controversy exceeds the $75,000.00 jurisdictional threshold of this Court.

## IV.
## PROCEDURAL REQUIREMENTS

8. Removal of this action is proper under 28 U.S.C. § 1441, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1332 because Plaintiff and Defendants are diverse in citizenship.

9. By virtue of filing this Notice of Removal, the Removing Defendant does not waive his right to assert any motions to transfer venue or dismiss, including Rule 12 motions, permitted by the applicable Rules of Civil Procedure.

10. All of the papers on file in the State Court case at the time of removal are attached hereto as Exhibit "C." Those papers include certified copies of the Court's Docket Sheet and Plaintiff's Original Petition.

---

[4] Certified Copy of State Court File, Original Petition, Exhibit C-2.

11.  Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

12.  Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the District Clerk of the 101st District Court of Dallas County, Texas promptly after the filing of this Notice.

## V.
## PRAYER FOR RELIEF

WHEREFORE, Defendant, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes this action for trial from the 101st District Court of Dallas County, Texas to this Court, on this 4th day of September, 2015.

Respectfully submitted,

**SARGENT LAW, P.C.**


By: _/s/ David L. Sargent_
    DAVID L. SARGENT
    State Bar No. 17648700
    david.sargent@sargentlawtx.com
    ANDREW L. PETERSEN
    State Bar No. 24059226
    andrew.petersen@sargentlawtx.com
    **KEEGAN ETHEREDGE**
    State Bar No. 24077890
    keegan.etheredge@sargentlawtx.com

901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone: 214.749.6516
Facsimile: 214.749.6316

ATTORNEYS FOR R&R EXPRESS, INC.
AND MICHAEL ROBIDOU

NOTICE OF REMOVAL                                                                           Page 5
1918536
1849/00001

## **CERTIFICATE OF SERVICE**

  The undersigned certifies that on the 4th day of September 2015, a true and correct copy of the foregoing document was forwarded via ECM, to the following counsel of record:

  Spencer P. Browne
  Lanita S. Morgan
  Reyes, Brown & Reilly
  5950 Berkshire Lane
  Suite 410
  Dallas, Texas 75225
  214-526-7900- Telephone
  214-526-7910- Facsimile

              */s/ David L. Sargent*
              **DAVID SARGENT**