# EXHIBIT "C"

## Certified Copy of State Court Action
## Cause No. DC-15-07588

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ROBERT ROSS** | § | |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **R&R EXPRESS, LLC AND MICHAEL** | § | |
| **ROBIDOY** | § | |
| *Defendants.* | § | |

**INDEX OF STATE COURT FILE**

| EXHIBIT | FILED | DOCUMENT |
|---------|-------|----------|
| **C** | | |
| **C-1** | | Certified Copy of Court's Docket Sheet in Cause No. DC-15-07588 |
| **C-2** | 07/06/15 | Plaintiffs' Original Petition and Request for Disclosure |
| **C-3** | 07/06/15 | Civil Case Information Sheet |
| **C-4** | 07/09/15 | Plaintiff's Enter Demand for Jury |
| **C-5** | 07/09/15 | Request for Service with letter payment fee shortage |
| **C-6** | 07/17/15 | Citation Issued – R & R Express LLC |
| **C-7** | 07/17/15 | Citation Issued – Michael Robidoy |
| **C-8** | 08/14/15 | Affidavit of Service on Michael Robidoy |
| **C-9** | 08/14/15 | Affidavit of Service on R&R Express LLC |
| **C-10** | 08/18/15 | Defendant Michael Robidoy's Original Answer |
| **C-11** | 08/18/15 | Defendant Michael Robidoy's Request for Jury Trial |
| **C-12** | 08/24/15 | Defendant R & R Express, LLC's Original Answer |
| **C-13** | 08/26/15 | Mediation Order |
| **C-14** | 08/26/15 | Uniform Scheduling Order |

# EXHIBIT "C-1"

# CASE SUMMARY
## CASE NO. DC-15-07588

| | | |
|---|---|---|
| **ROBERT ROSS** | § | Location: **101st District Court** |
| vs. | § | Judicial Officer: **WILLIAMS, STACI** |
| **MICHAEL ROBIDOY, et al** | § | Filed on: **07/06/2015** |
| | § | |

---

### CASE INFORMATION

Case Type: **MOTOR VEHICLE ACCIDENT**

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **PLAINTIFF** | **ROSS, ROBERT** | **BROWNE, SPENCER** |
| | | *Retained* |
| | | 214-526-7900(W) |
| **DEFENDANT** | **R & R EXPRESS LLC** | **SARGENT, DAVID LYNN** |
| | | *Retained* |
| | | 214-749-6516(W) |
| | **ROBIDOY, MICHAEL** | |
| | | **Pro Se** |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 07/06/2015 | NEW CASE FILED (OCA) - CIVIL | |
| 07/06/2015 | ORIGINAL PETITION<br>*ORIGINAL PETITION* | |
| 07/06/2015 | CASE FILING COVER SHEET<br>*CIVIL COVER SHEET* | |
| 07/06/2015 | ISSUE CITATION | |
| 07/06/2015 | JURY DEMAND<br>Party: PLAINTIFF ROSS, ROBERT | |
| 07/06/2015 | ISSUE CITATION COMM OF INS OR SOS<br>*COH* | |
| 07/08/2015 | NOTE - CLERKS<br>*LFT VCMAIL 4 ATTY-CU* | |
| 07/09/2015 | REQUEST FOR SERVICE<br>*LETTER PAYING $4 FEE SHORTAGE* | |
| 07/17/2015 | **CITATION SOS/COI/COH/HAG**<br>ROBIDOY, MICHAEL<br>Served: 07/30/2015<br>*COH* | |
| 07/17/2015 | **CITATION**<br>R & R EXPRESS LLC<br>Served: 07/30/2015 | |
| 07/17/2015 | CITATION ISSUED | |
| 07/17/2015 | CITATION ISSUED | |

*Printed on 09/02/2015 at 3:57 PM*

# CASE SUMMARY
## CASE NO. DC-15-07588

| | | |
|---|---|---|
| | *COH* | |
| 08/14/2015 | RETURN OF SERVICE<br>*CITATION RETURN* | |
| 08/14/2015 | RETURN OF SERVICE<br>*CITATION RETURN* | |
| 08/18/2015 | ORIGINAL ANSWER - GENERAL DENIAL<br>Party:  DEFENDANT  ROBIDOY, MICHAEL | |
| 08/18/2015 | CORRESPONDENCE - LETTER TO FILE<br>*DEFENDANT MICHAEL ROBIDOY'S REQUEST FOR JURY TRIAL (SUBMITTED)* | |
| 08/24/2015 | ORIGINAL ANSWER - GENERAL DENIAL<br>Party:  DEFENDANT  R & R EXPRESS LLC | |
| 08/26/2015 | ORDER - MEDIATION<br>*GARY R CLAYTON* | *Vol./Book 458E,<br>Page 733, 2 pages* |
| 08/26/2015 | SCHEDULING ORDER<br>*UNIFORM* | *Vol./Book 458E,<br>Page 734, 2 pages* |
| 10/09/2015 | *CANCELED* **DISMISSAL FOR WANT OF PROSECUTION** (9:00 AM)  (Judicial Officer: WILLIAMS, STACI)<br>*BY COURT ADMINISTRATOR* | |
| 06/28/2016 | **Jury Trial - Civil** (9:00 AM)  (Judicial Officer: WILLIAMS, STACI) | |

| DATE | FINANCIAL INFORMATION | |
|---|---|---|

| | | | |
|---|---|---|---|
| | **PLAINTIFF** ROSS, ROBERT<br>Total Charges<br>Total Payments and Credits<br>**Balance Due as of  9/2/2015** | | 327.00<br>327.00<br>**0.00** |
| 07/08/2015 | Charge | PLAINTIFF ROSS, ROBERT | 323.00 |
| 07/08/2015 | CREDIT CARD -   Receipt # 39119-2015-DCLK<br>TEXFILE (DC) | PLAINTIFF ROSS, ROBERT | (323.00) |
| 07/10/2015 | Charge | PLAINTIFF ROSS, ROBERT | 4.00 |
| 07/10/2015 | CREDIT CARD -   Receipt # 39847-2015-DCLK<br>TEXFILE (DC) | PLAINTIFF ROSS, ROBERT | (4.00) |

*Printed on 09/02/2015 at 3:57 PM*

**STATE OF TEXAS**
**COUNTY OF DALLAS**

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this _2nd_ day of _September_ A.D., _2015_.

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy

# EXHIBIT "C-2"

FILED
DALLAS COUNTY
7/6/2015 4:09:47 PM
FELICIA PITRE
DISTRICT CLERK

Christi Underwood

2 CITS-ESERVE

JURY DEMAND

CAUSE NO. DC-15-07588

| | | |
|---|---|---|
| ROBERT ROSS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| R & R EXPRESS, LLC AND MICHAEL | § | |
| ROBIDOY | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

    Plaintiff Robert Ross ("Plaintiff"), files this Original Petition and Request for Disclosure complaining of Defendants R & R Express, LLC and Michael Robidoy, ("Defendants"), and for cause of action states the following:

### DISCOVERY CONTROL PLAN

1.    Pursuant to Rules 190.1 and 190.3 of the Texas Rules of Civil Procedure, Plaintiff states that discovery in this cause is intended to be conducted under Level 2.

### DISCLOSURE REQUEST

2.    Request is hereby formally made for Defendants to comply with Rule 194 of the Texas Rules of Procedure.  Specifically, formal request is made for Defendants to provide to Plaintiff, pursuant Rules 194.2 and 194.3 of the Texas Rules of Civil Procedure, the following:

**RULE 194.2(a)**--     the correct names of the parties to the lawsuit;

**RULE 194.2(b)**--     the name, address and telephone number of any potential parties;

**RULE 194.2(c)**--     the legal theories and, in general, the factual bases of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trial);

**RULE 194.2(d)**--     the amount and any method of calculating economic damages;

**RULE 194.2(e)**--    the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

**RULE 194.2(f)**--    for any testifying expert:

    (1)    the expert's name, address, and telephone number;

    (2)    the subject matter on which the expert will testify;

    (3)    the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;

    (4)    If the expert is retained by, employed by or otherwise subject to the control of the responding party:

        (A)    all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by or prepared by or for the expert in anticipation of the expert's testimony; and

        (B)    the expert's current resume and bibliography;

**RULE 194.2(g)**--    any indemnity and insuring agreements described in Rule 192.3(f);

**RULE 194.2(h)**--    any settlement agreements described in Rule 192.3(g);

**RULE 194.2(i)**--    any witness statements described in Rule 192.3(h);

**RULE 194.2(j)**--    in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills.

**RULE 194.2(k)**--    in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

**RULE 194.2 (l)--**     the name, address, and telephone number of any person who may be designated as a responsible third party.

## JURY DEMAND

3.     Pursuant to Rules 216 and 217 of the Texas Rules of Civil Procedure, Plaintiff requests a jury trial of this matter.  Accordingly, Plaintiff tenders the proper jury fee with the filing of Plaintiff's Original Petition.

## PARTIES

4.     Plaintiff Robert Ross is an individual residing in Dallas County, Texas.

5.     Defendant R & R Express, LLC is a corporation that is doing business in this state.  It may be served through its registered agent Corporate Service Company at 211 E. 7TH Street, Suite 620, Austin, Texas 78701.

6.     Defendant Michael Robidoy is a non-resident.  A current search of records indicates that he is an individual who resides at 5703 Five Lakes Road, North Branch, Michigan 48461 and may be served by delivering a copy of the citation directed to Defendant and this petition, by and through his substituted agent for service of process the Chairman of the Texas Transportation Commission, Tyron D. Lewis, 125 E. 11TH Street, Austin, Texas, 78701-2483, pursuant to Tex. Civ. Prac. & Rem. Code § 17.062.

## VENUE AND JURISDICTION

7.     Venue is proper in this Court by virtue of Tex. Civ. Prac. & Rem. Code §15.002(a).  Furthermore, this Court has jurisdiction in that the damages being sought are within the jurisdictional limits of this Court.

## FACTS

8.    This lawsuit is based on a motor-vehicular collision occurring on or about May 14, 2014 at or near Inwood Drive and Interstate Highway 35 in Dallas, Texas (hereinafter referred to as "The Collision").

9.    The Collision was proximately caused by the negligence and/or negligence *per se* of the Defendants.

10.   It is believed that Defendant Michael Robidoy was driving the vehicle that struck the vehicle occupied by Plaintiff.  It is believed that Defendant Michael Robidoy was working in the course and scope of his employment with Defendant R & R Express, LLC.

## CAUSES OF ACTION

### Doctrine of Respondeat Superior/Vicarious Liability of Defendants

11.   At the time of The Collision, Defendant Michael Robidoy, the driver of the vehicle, was an employee of Defendant R & R Express, LLC Defendant Michael Robidoy was acting within the course and scope of such employment at the time of the occurrence and at all relevant times prior thereto.  As such, Defendant R & R Express, LLC is legally responsible for its driver's negligence and negligence *per se* under the doctrine of respondeat superior / vicarious liability.

### Negligence and Negligence *Per Se*

12.   At the time of The Collision, Defendants were negligent in one or more of the following particulars:

    a)    In failing to implement proper training, safety, maintenance and education procedures for its drivers;

    b)    In failing to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

c)      In failing to take proper evasive action;

d)      In failing to operate the vehicle in a reasonably prudent manner and in driving with a high degree of care;

e)      In failing to maintain the vehicle under control;

f)      In driving the vehicle at a rate of speed which was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances;

g)      In negligently hiring the driver and negligently allowing the driver to continue driving vehicles for it when it reasonably should have known that it was unsafe to do so;

h)      In  failing to apply the brakes of the vehicle in order to avoid the collision in question;

i)      In operating the vehicle in violation of Texas Transportation Code Sections 545.062, 545.351 and 545.352;

j)      In operating the vehicle in violation fo FMCSR Parts 390, 392, and 571;

k)      In failing to use a high degree of care, that is, failing to do that which a very cautious, competent, and prudent person would have done under the same or similar circumstances or doing that which a very cautious, competent, and prudent person would not have done under the same or similar circumstances.  Higher degree of care means that degree of care that would have used by a very cautious, competent, and prudent person under the same or similar circumstances, as set forth herein;

l)      In failing to keep proper logs and records of operation and maintenance of the vehicle and driver in question;

m)      In driving in a reckless manner;

n)      In following too closely; and

o)      In negligently entrusting the vehicle to the driver as the owners knew or should have known that the driver would operate the vehicle in a reckless and/or incompetent manner.

13.     Each of the foregoing acts or omissions, singularly or in combination with others, constituted

negligence, which proximately caused The Collision and Plaintiff's injuries and damages.

## PERSONAL INJURIES AND DAMAGES

14.     As a result of Defendants' negligent actions, Robert Ross has suffered personal injuries.

Consequently, Robert Ross seeks recovery of the following damages:

a.      Medical Expenses:  Robert Ross incurred bodily injuries which were caused by The Collision and Robert Ross incurred medical expenses for treatment of such injuries. Robert Ross believes that, in reasonable medical probability such injuries will require the need for future medical care.

b.    Loss of Earning Capacity: Robert Ross lost wages as a result of the personal injuries sustained in The Collision. Robert Ross reasonably believes that such injuries will diminish Robert Ross's earning capacity in the future.

c.    Physical Pain: Robert Ross endured physical pain as a result of the personal injuries sustained in The Collision and reasonably anticipates such pain will continue in the future.

d.    Mental Anguish: Robert Ross endured mental anguish as a result of the personal injuries sustained in The Collision and reasonably anticipates such mental anguish will continue in the future.

e.    Disfigurement: Robert Ross endured disfigurement as a result of the personal injuries sustained in The Collision and reasonably anticipates such will continue in the future.

f.    Impairment: Robert Ross endured physical impairment as a result of the personal injuries sustained in The Collision and reasonably anticipates such in the future.

## RELIEF SOUGHT

15.   As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff states that they seek monetary relief in excess of $100,000 but not more than $200,000. As discovery takes place and testimony is given, Plaintiff will be in a better position to give the maximum amount of damages sought.

16.   Pursuant to Texas Rules of Civil Procedure 193.7, notice is hereby given of the intention to use any of the documents exchanged and/or produced between any party during the trial of this case. All conditions precedent to Plaintiff's right to recover the relief sought herein have occurred or have been performed.

17.   Plaintiff requests that Defendants be cited to appear and answer and that this case be tried after which Plaintiff recovers:

a.      Judgment against Defendants for a sum within the jurisdictional limits of this Court
        for the damages set forth herein;

b.      Pre-judgment interest at the maximum amount allowed by law;

c.      Post-judgment interest at the maximum rate allowed by law;

d.      Costs of suit; and

e.      Such other and further relief to which Plaintiff may be justly entitled.

                        Respectfully submitted,

                        REYES | BROWNE | REILLEY


                        /s/ Spencer P. Browne
                        **Spencer P. Browne**
                        State Bar No. 24040589
                        **Lanita S. Morgan**
                        State Bar No. 24088090
                        5950 Berkshire Lane, Suite 410
                        Dallas, TX 75225
                        (214) 526-7900
                        (214) 526-7910 (FAX)
                        spencer@reyeslaw.com
                        lanita@reyeslaw.com

                        **ATTORNEYS FOR PLAINTIFF**

CAUSE NO. _____

| | | |
|---|---|---|
| ROBERT ROSS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | _____JUDICIAL DISTRICT |
| | § | |
| R & R EXPRESS, LLC AND MICHAEL | § | |
| ROBIDOY | § | DALLAS COUNTY, TEXAS |

### PLAINTIFF'S FIRST SET OF WRITTEN
### DISCOVERY TO DEFENDANT R & R EXPRESS, LLC

To:   R & R Express, LLC

Plaintiff is now propounding on Defendant R & R Express, LLC incorporated in this document: First Set of Interrogatories, Request for Production and Request for Admissions.

Respectfully submitted,

REYES | BROWNE | REILLEY

/s/ Spencer P. Browne
**Spencer P. Browne**
State Bar No. 24040589
**Lanita S. Morgan**
State Bar No. 24088090
5950 Berkshire Lane, Suite 410
Dallas, TX 75225
(214) 526-7900
(214) 526-7910 (FAX)
spencer@reyeslaw.com
lanita@reyeslaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE WITH PETITION

This will certify that this set of discovery is being served upon Defendant simultaneous with the citation directed to Defendant and Plaintiff's Original Petition.

/s/ Spencer P. Browne
Spencer P. Browne

## DEFINITIONS

1. "The Collision" means the motor vehicle collision made the basis of this lawsuit.

2. "The Vehicle," refers to the vehicle being driven by Michael Robidoy at the time of The Collision.

3. "Document" refers to and includes every writing or record of any type that is in your possession, custody, or control. A document is deemed to be within your control if you may obtain possession from any other person or public or private entity having physical possession thereof. "Document" includes, without limitation, correspondence, memoranda, interoffice communications, hand written notes, e-mails, business records, computer notes, drafts, studies, publications, invoices, ledgers, journals, books, records, accounts, pamphlets, audio recordings, video recordings, reports, surveys, accident reports, statistical compilations, work papers, data processing cards, computer tapes or printouts, and/or all copies of each which contain any other writing or recording of any kind which does not appear on the original or on any other copy. To the extent that the information exists within a computer or a computer recorded medium, you are requested to reduce the information to paper copy.

PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY TO DEFENDANT R & R EXPRESS, LLC - **Page 2**

**PLAINTIFF'S FIRST SET OF**
**INTERROGATORIES TO DEFENDANT R & R EXPRESS, LLC**

To:    R & R Express, LLC

    Plaintiff serves the following written interrogatories on Defendant R & R Express, LLC,

pursuant to Tex.R.Civ.P. 197.

### INTERROGATORIES

**INTERROGATORY NO. 1:** Please state the full name (and all aliases or variations used in the spelling of your name), date and place of birth, present address, social security number, driver's license number and the state issuing same of the person answering this set of interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:** Please state whether on May 14, 2014, Michael Robidoy was an employee or agent of R & R Express, LLC and acting within the course and scope of his employment at the time of the collision and whether or not he had permission to drive the vehicle. If he had permission, please state who gave him that permission.

**ANSWER:**

**INTERROGATORY NO. 3:** Identify by providing the name, address and telephone number of the owner(s) of the vehicle involved in the collision.

**ANSWER:**

**INTERROGATORY NO. 4:** Identify by providing the name, address and telephone number of the person who was driving the vehicle at the time of the collision.

**ANSWER:**

**INTERROGATORY NO. 5:** Please state in detail your understanding and contentions of how the collision occurred, and the name, address, phone number, job title, and job description of all persons, excluding your attorneys, who provided or recorded information upon which you have relied in answering this interrogatory.

**ANSWER:**

**INTERROGATORY NO. 6:** State the factual basis for any contention by you that the collision was caused by any act of God, sudden emergency, or unavoidable accident.

**ANSWER:**

**INTERROGATORY NO. 7:** Describe the damage done to the vehicle in the collision and give the cost of repair to the vehicle.

**ANSWER:**

**INTERROGATORY NO. 8:** Describe any information you have indicating that there was any defect or failure on the part of any vehicle or equipment involved in the collision.

**ANSWER:**

**INTERROGATORY NO. 9:** If you contend that the Plaintiff was negligent in connection with the collision, please state all facts on which you base said contention.

**ANSWER:**

**INTERROGATORY NO. 10:** Please provide the points of origin and destination of Michael Robidoy on the route he was driving when this collision occurred, the time he began work and ceased work the day before and the day of this accident, and the number of miles he traveled the day before this accident and the day of this incident. Please add where Michael Robidoy had been just prior to the collision, where Michael Robidoy was going at the time of the collision, and the purpose of the trip.

**ANSWER:**

**INTERROGATORY NO. 11:** Please list every person you or anyone on your behalf spoke to at the scene of the collision, including a brief description of what was said.

**ANSWER:**

**INTERROGATORY NO. 12:** Describe in detail any conversations you or anyone on your behalf have had with the Plaintiff at the scene of the collision or thereafter.

**ANSWER:**

**INTERROGATORY NO. 13:** Pursuant to Rule 609 of the Texas Rules of Evidence, if you intend to seek to admit into evidence any convictions of Plaintiff or any person listed as having knowledge of relevant facts by any party with evidence of a criminal conviction, please provide the cause number, county and state of conviction, the date of conviction, and the type of crime.

**ANSWER:**

**INTERROGATORY NO. 14:**  Please describe all of the things you did to determine Michael Robidoy's driving record before allowing him to drive the vehicle.  In this answer, please detail all actions taken by your company in investigating the background of Michael Robidoy prior to hiring and/or retaining his services.  Include the name, address, and phone number of any/all references and former/previous employers contacted.

**ANSWER:**

**INTERROGATORY NO. 15:**  Please describe all of things you did to determine Michael Robidoy's ability and/or aptitude to safely drive a motor vehicle before allowing Michael Robidoy to drive the vehicle.

**ANSWER:**

**INTERROGATORY NO. 16:**  Were you aware at the time of The Collision of any prior traffic tickets or accidents on the part of Michael Robidoy?  If yes, please describe the knowledge you had.

**ANSWER:**

**INTERROGATORY NO. 17:**  Are you a participant in the PSP, and if so,

      a)  were you a participant in the PSP at the time Michael Robidoy was hired?
      b)  did you run a PSP check on Michael Robidoy?
      c)  what did each PSP check on Michael Robidoy reveal?

**ANSWER:**

**INTERROGATORY NO. 18:**  In the three years before the wreck, were you found deficient in any BASIC by the FMCSA?  If so, state the date of each deficiency finding and list by each date all BASIC categories in which you were found deficient.

**ANSWER:**

**INTERROGATORY NO. 19:**  Please describe the average number of hours Michael Robidoy would drive in an average week for the four (4) weeks prior to this accident.

**ANSWER:**

**INTERROGATORY NO. 20:**  Please list all complaints, reprimands, or any other disciplinary action(s), formal or informal, you know of regarding Michael Robidoy through the current date.

**ANSWER:**

**INTERROGATORY NO. 21:** Do you require drivers you employ to carry cameras, accident kits, exoneration cards, or other similar materials in their vehicles in the event of an accident? If so, please specifically describe and inventory the contents of such kits and/or items.

**ANSWER:**

**INTERROGATORY NO. 22:** Please describe any and all training or education in driving trucks provided to Michael Robidoy, whether by your company or any other person or entity. Please provide the dates of such training or education, enumerate the certifications received by Michael Robidoy, and indicate whether Michael Robidoy required more than one attempt to pass any testing associated with such training. If not, please detail all education and training you are aware Michael Robidoy received from any other facility or company.

**ANSWER:**

**INTERROGATORY NO. 23:** Please describe all repairs that had been performed on the vehicle Michael Robidoy was driving in the year prior to this collision, including the name of all facilities that had inspected and/or worked on the vehicle at issue in this case.

**ANSWER:**

**INTERROGATORY NO. 24:** Was the vehicle in this case equipped with any collision warning systems (CWS), including but not limited to Eaton VORAD or similar systems? If not, why not? Has your company ever considered utilizing such systems and have you performed any cost/benefit analysis regarding such systems?

**ANSWER:**

**INTERROGATORY NO. 25:** Please provide the date and circumstances surrounding all vehicular accidents Michael Robidoy has been involved in while employed by you or driving on your behalf, as well as all vehicular accidents you have knowledge of prior to his involvement with your company.

**ANSWER:**

## PLAINTIFF'S FIRST REQUEST FOR
## PRODUCTION TO DEFENDANT R & R EXPRESS, LLC

To:    R & R Express, LLC

Plaintiff serves the following Request for Production on Defendant R & R Express, LLC which are to be answered in accordance with The Texas Rules of Civil Procedure. You are formally requested to produce all documents responsive to this request within fifty (50) days of receipt of this request.

### REQUESTS FOR PRODUCTION

Please produce the following documents and/or tangible items:

1.     A photocopy of both the front and back of Michael Robidoy's license.

       **RESPONSE:**

2.     Color copies of any and all photographs, video tapes, drawings, sketches and maps of:
       a)     the vehicle involved in the collision;
       b)     the Plaintiff or Defendants either before or after the collision; and
       c)     the scene of the collision.

       **RESPONSE:**

3.     Any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse payments made to satisfy the judgment, including but not limited to any liability insurance policy covering you or the automobile being driven by you at the time of the collision.

       **RESPONSE:**

4.     A copy of any contract of employment with Michael Robidoy at the time of The Incident.

       **RESPONSE:**

5.     A copy of any surveillance movies, video tapes, photos, etc. of Plaintiff.

       **RESPONSE:**

6.    All formal and informal reports and documents prepared by an officer or employee of any law enforcement agency or other governmental agency which pertain, in any way, to the collision.

**RESPONSE:**

7.    Copies of all public records and/or reports, pursuant to Tex.R.Evid. 803(8) and/or Rule 902(4) and/or Rule 1005, which you intend to use, for any purpose, during the trial of this lawsuit.

**RESPONSE:**

8.    Copies of all market reports or commercial publications, pursuant to Tex.R.Evid. 803(17), which you intend to use, for any purpose, during the trial of this lawsuit.

**RESPONSE:**

9.    Copies of relevant portions of all learned treatises, pursuant to Tex.R.Evid. 803(18), which you intend to use, for any purpose, during the trial of this lawsuit.

**RESPONSE:**

10.   Copies of all official publications, pursuant to Tex.R.Evid. 902(5), which you intend to use, for any purpose, during the trial of this lawsuit.

**RESPONSE:**

11.   Copies of all newspapers and periodicals, pursuant to Tex.R.Evid. 902(6), which you intend to use, for any purpose, during the trial of this lawsuit.

**RESPONSE:**

12.   Copies of all summaries, pursuant to Tex.R.Evid. 1006, which you intend to use, for any purpose, during the trial of this lawsuit.

**RESPONSE:**

13.   Copies of all medical records or bills you, your attorneys, or your insurers have regarding any medical treatment received by Plaintiff.

**RESPONSE:**

14.   Copies of any portions of articles, treatises, periodicals, books, pamphlets or studies which may be relied upon by an expert witness who may be called by you to testify during the trial of this case.

**RESPONSE:**

15.     Copies of any records or documents relating to Plaintiff's employment with any individual or entity in the last five years.

**RESPONSE:**

16.     Pursuant to Rule 203.3 of the Texas Rules of Civil Procedure, copies of all transcripts of oral depositions taken by you in this case.

**RESPONSE:**

17.     Pursuant to Rule 203.3 of the Texas Rules of Civil Procedure, copies of all transcripts of depositions upon written questions taken by you in this case, including any documents attached thereto.

**RESPONSE:**

18.     Copies of all documents obtained by you with the use of authorizations signed by Plaintiff.

**RESPONSE:**

19.     For any consulting expert witness whose mental impressions or opinions have been reviewed by any testifying expert in this cause, please provide copies of all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the consulting expert, and the consulting expert's current resume and bibliography.

**RESPONSE:**

20.     Copies of any correspondence between you (or your attorneys, insurer or other representative) and any witness to The Collision.

**RESPONSE:**

21.     The complete driver's qualification and personnel file for Michael Robidoy, including but not limited to:

        (a)     Michael Robidoy's application for employment with you, to include the required twelve items of information (FMSCR §391.21);

        (b)     All responses of State agencies to motor carrier's inquiries concerning driver's prior driving record (FMCSR §391.23);

(c)     Any and all responses of Michael Robidoy's previous employers in response to your inquiries concerning driver's past employment (FMCSR §391.23);

(d)     Any and all annual reviews of Michael Robidoy's driving record, as required by (FMCSR §391.25);

(e)     Any and all lists of Michael Robidoy 's violations of motor vehicle traffic laws and ordinances (FMCSR §391.27);

(f)     Michael Robidoy's road test certification (or equivalent) (FMCSR §391.31);

(g)     Michael Robidoy's written examination (FMCSR §391.35);

(h)     Michael Robidoy's physical examination (long form) (FMCSR §§391.41 & 391.43);

(i)     All physical examinations Michael Robidoy has undergone during the past five (5) years;

(j)     All available documents relating to controlled substance and alcohol testing of Michael Robidoy , to include pre-employment, random and post-accident testing;

(k)     All medical records of Michael Robidoy (including, but not limited to those responsive to sub-parts h-j, above); and

(l)     Michael Robidoy's payroll file, including his pay records, his financial settlement documents, and a detailed explanation of sources of income and operational deductions.

NOTE: *See* Federal Motor Carrier Safety Regulations (FMCSR) §391.51.

**RESPONSE:**

22.    All investigative reports assembled or created by outside agencies that you had checking on Michael Robidoy's background prior to hiring him.

**RESPONSE:**

23.    Any and all regulatory summaries and or warning notices for Michael Robidoy from his date of employment to the date of the incident.

**RESPONSE:**

24.     Michael Robidoy's record of truck or bus driving training, including curriculum covering safe operating practices, including but not limited to, visual search, speed management, space management, night operations, hazard perception, and emergency maneuvers, as required by FMCSR §381.51.

        **RESPONSE:**

25.     All documentation relating to Michael Robidoy's ability to drive a motor vehicle safely, including but not limited to, letters/memos of warning, records of disciplinary actions, safety awards, commendations, records, etc. taken, issued, created or maintained by you or within your knowledge, as required by FMCSR §391.51(b)(5).

        **RESPONSE:**

26.     All tests, test results, evaluations, certifications, or other materials of, concerning or reflecting Michael Robidoy obtaining and/or maintaining qualification or certification for any driver's license or any employment-related license, honor, association, or society.

        **RESPONSE:**

27.     If not otherwise produced herein, any materials or documents provided to Michael Robidoy by you regarding any training, testing, certification, evaluation, reprimands, corrective action, background checks, termination, or reports concerning him during his employment with or for you or during the period of time he was being considered for employment.

        **RESPONSE:**

28.     If not otherwise produced herein, any materials or documents provided to you by Michael Robidoy regarding any training, testing, certification, evaluation, reprimands, corrective action, background checks, termination, or reports concerning him during his employment with or for you or during the period of time he was being considered for employment.

        **RESPONSE:**

29.     Michael Robidoy's record of duty status, company log, or outside duty audit for the date , and the six (6) months prior to the date  (a/k/a, "driver's log"), as required by (FMCSR §395.8).

        **RESPONSE:**

30.     All driver's 70-hour summaries created by Michael Robidoy  for the six (6) months prior to the date, in accordance with FMCSR Part 395.

        **RESPONSE:**

31.     Michael Robidoy's time records or time cards for the date , and the six (6) months prior to the date as required by FMCSR §395.8.

**RESPONSE:**

32.     All documents concerning the tachograph on the vehicle involved in the incident for the date and the eight (8) days preceding the date.

**RESPONSE:**

33.     If an automatic on-board recording device is used to record hours of service for the date and the six (6) months prior to the date , Michael Robidoy's hours of service chart electronic display or printout showing the time and sequence of duty status changes, including Michael Robidoy's starting time at the beginning of each day.

**RESPONSE:**

34.     If a satellite reporting system is used, all vehicle locations for the vehicle  and Michael Robidoy for the date  and the six (6) months prior to the date.

**RESPONSE:**

35.     If a satellite communication system is used, all vehicle message history with location information for the vehicle  and Michael Robidoy for the date  and the six (6) months prior to the date.

**RESPONSE:**

36.     A complete and clearly readable copy of any and all created "vehicle movement recording documents or records" (such as any tractor trip computer-generated documents, computer-generated trip printouts or any other documents generated by whatever means), in reference to the physical movement of the vehicle  for the date  and the six (6) months prior to the date. This also includes all printed data, as described herein, generated by use of any satellite devices.

**RESPONSE:**

37.     If an Electronic Control Module (ECM) is used on the engine of the vehicle , all electronic engine information available / extracted / retrieved or stored in any electronic, mechanical or paper form from the date of the vehicle's acquisition by or for you until the present.

**RESPONSE:**

38.     If an Electronic Control Module (ECM) is used on the engine of the vehicle, all electronic engine information available / extracted / retrieved or stored in any electronic, mechanical or paper form that relates to the vehicle and its constituent parts in the moments prior to the incident.

**RESPONSE:**

39.     Any and all dispatch records, including but not limited to dispatcher('s') logs or instruction sheets by which Michael Robidoy was instructed as to what his next work assignment would be and any particular instruction given by the dispatcher(s) to Michael Robidoy, for the date and for the six (6) months prior to the date.

> NOTE: Please identify the dispatcher(s) whom Michael Robidoy was to call and provide his/her/their name(s) and address(es).

**RESPONSE:**

40.     Copies of all documents pertaining to the passengers carried by Michael Robidoy for the date and the six (6) months prior to the date.

**RESPONSE:**

41.     Tickets and/or manifests or other documents with regard to the passengers being transported by Michael Robidoy at the time of the incident.

**RESPONSE:**

42.     Any and all agreements or other written documents, letters, directives, memoranda, and notes in the possession of Michael Robidoy, including those in the possession of any employee or agent, your parent company, sister subsidiaries or insurers dealing with the bus property damage.

**RESPONSE:**

43.     Any and all claim forms, written documents, letters, directives, memoranda, and notes in the possession of you, including those in the possession of any employee or agent, your parent company, sister subsidiaries or insurers, dealing with the bus property damage.

**RESPONSE:**

44.    If not otherwise produced herein, all documents concerning the load the trailer was carrying on the date of the accident.

**RESPONSE:**

45.    Copies of all company trip reports required of Michael Robidoy for the date and the six (6) months prior to the date.

**RESPONSE:**

46.    Copies of receipts, invoices or other documents relating to vehicle fuel purchased or secured by Michael Robidoy for vehicles he was driving as a person driving for you for the date and the six (6) months prior to the date. This request includes, but is not limited to, any and all records completed by Michael Robidoy which indicate the routes taken, mileage driven, and times and dates for fuel tax purposes.

**RESPONSE:**

47.    Copies of all road and bridge toll receipts, scale/weight tickets, trailer wash-out receipts, motel receipts, vehicle repair invoices, and any other documents pertaining to purchases made by Michael Robidoy while driving any bus or truck (including, but not limited to the vehicle) for the date and the six (6) months prior to the date.

**RESPONSE:**

48.    The motor carrier's documentation of bus or truck stop transactions made by Michael Robidoy, to include monetary advances to Michael Robidoy through such systems for the date and the six (6) months prior to the date.

**RESPONSE:**

49.    Written instructions from you to Michael Robidoy permitting him to log meal stops and other routine stops as "off duty" time.

**RESPONSE:**

50.    Please produce any and all documents regarding the results of any blood, breath, urine or other testing performed upon Michael Robidoy following the incident made the basis of this suit.

**RESPONSE:**

51.    Any records or documentation (medical or non-medical) which would indicate that Michael Robidoy was using alcohol and/or drugs (including prescription or nonprescription, legal or illegal) within twenty-four (24) hours prior to the collision.

**RESPONSE:**

52.    Any records or documentation (medical or non-medical) which would indicate that Michael Robidoy had alcohol and/or drugs (including prescription or nonprescription, legal or illegal) in or on his breath, bloodstream, urine, hair, fingernails, etc.. at the time of or immediately following the collision.

**RESPONSE:**

53.    Any and all audio recordings, photographs, films, videotapes, movies, electronic images/media, diagrams, drawings, maps, or sketches containing any photographic, videographic or other pictoral or graphic information of, concerning or relating to:

   (a)    The vehicle at any time;

   (b)    the accident scene at any time;

   (c)    The Plaintiff at any time;

   (d)    Other persons involved in the incident, or who have knowledge of relevant facts;

   (e)    The incident made the basis of this suit;

   (f)    Any reconstruction of the incident made the basis of this suit;

   (g)    A demonstration of engineering dynamic principles relevant to this suit;

   (h)    Any other matters relevant to this lawsuit (i.e., that otherwise depict facts underlying the cause now pending).

NOTE: Materials responsive hereto would include, but not be limited to, images of or concerning the scene, vehicles or persons involved in the collision made the basis of this lawsuit, as well as any "surveillance" videos, photos, etc. of or concerning any party or witness.

NOTE:  Pursuant to *Tex. R. Civ. P. 192.5(c)*, even if made or prepared in anticipation of litigation or for trial, the following is not work product protected from discovery: ". . . (4) any photograph or electronic image of underlying facts (e.g., a photograph of the accident scene) or a photograph or electronic image of any sort that a party intends to offer into evidence. . . ."  Moreover, pursuant to *Tex. R. Civ. P. 192.3(j)*, ". . . any party may obtain discovery of any other party's legal contentions and the factual bases for those contentions."

**RESPONSE:**

54.     Any documents containing and/or reflecting the factual observations, tests, data, calculations, photographs, videotapes, computerized and/or electronic recordings, and/or opinions arising out of any examination conducted by person(s) or entit(ies) employed by you and/or on your behalf, either directly or indirectly, who has/have seen, examined and/or photographed the vehicle(s), scene(s) or person(s)  since the time of the incident.

**RESPONSE:**

55.     Any written or recorded statements by Michael Robidoy , you or any of your employees, agents, servants or representatives, to your insurer(s) or such representatives, claims adjusters or investigators as have be retained or designated by your insurers in connection with the incident, vehicles and/or persons , prior to the institution of litigation.

**RESPONSE:**

56.     Any and all statements previously made by Plaintiff, Plaintiff's agents or representatives, concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by Plaintiff, Plaintiff's agents or representatives and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by Plaintiff, Plaintiff's agents or representatives and contemporaneously recorded. *Tex. R. Civ. P. 192.3(h)* ("any person may obtain his own statement").

**RESPONSE:**

> NOTE: If you have no such statement, please so state in your answers
> to this discovery.

**RESPONSE:**

57.   If you have not already done so in response to a Request for Disclosures propounded by this
       Plaintiff, please produce a true and correct copy of any statements which you have from any
       person having knowledge of facts which may be relevant to this lawsuit.

> NOTE: If you claim that any statement in your possession is
> privileged or in some manner exempt from discovery, state the date
> on which it was taken, from whom it was taken, by whom it was
> taken, and the basis of your claim that it is privileged or exempt from
> discovery.

**RESPONSE:**

58.   Further to your disclosures made in response to Tex. R. Civ. P. 194.2(i) ("witness
       statements"):

       (a)    if you have disclosed and produced a "transcript" of a statement recorded by
              audiotape, videotape or other electronic means, please produce a copy of the original
              recording(s); and,

       (b)    if you have disclosed and produced the original recording(s) of a statement that has
              been recorded by audiotape, videotape or other electronic means, please produce a
              copy of any transcript of same as and when created or obtained.

**RESPONSE:**

59.   All documents or tangible things regarding any and all training programs conducted by you
       to promote driver safety and compliance with Federal Motor Carrier Safety Regulations,
       including but not limited to all safety manuals.

**RESPONSE:**

60.   All written materials, company manuals, company issued rules and regulations, directives or notices in effect at the time of the incident , utilized by you controlling your operators' work activities, job performance, and delivery of cargo, inclusive of any educational materials in reference to federal motor carrier safety regulations given to Michael Robidoy by you.

**RESPONSE:**

61.   Any and all of your directives, bulletins, or written instruments pertaining to day-to-day operating procedures to be followed by Michael Robidoy  and operators of your tractors/trailers, including but not limited to any documents relating to the discipline policies or procedures.

**RESPONSE:**

62.   Your program for the establishment and administration of an employee assistance program for the education and training of drivers and supervisory personnel in the area of controlled substances.

**RESPONSE:**

63.   Any documents which constitute any official company policy or procedure for determining when and under what circumstances or conditions a one of your driver's would be disciplined and/or fired for failing to comply with the Federal Motor Carrier Safety Regulations.

**RESPONSE:**

64.   If not otherwise produced herein, all your manuals and written policies and procedures for all drivers and all mechanics.

**RESPONSE:**

65. Any and all traffic citations, FMCSR terminal or road equipment and driver compliance inspections, warnings or citations issued to you by any city, county, state, or federal agency or law enforcement official in your possession for the date and the six (6) months prior to the date.

**RESPONSE:**

66. Please produce true and correct copies of all documents regarding:

   (a)    Citations issued against any person driving for you for the date and the three (3) years prior to the date, and for violations of Federal Motor Carrier Safety Regulations, state driving laws, and/or local driving ordinances, including but not limited to, all such citations;

   (b)    Accident reports phoned into your company regarding all accidents involving persons driving for you and occurring on the date and for the five (5) years prior to the date;

   (c)    Accident reports written by persons driving for you and occurring on the date and for the five (5) years prior to the date ;

   (d)    Records of payments of fines, and internal documents showing any response by you to the issuance of all citations, referred to subsection "(a)" of this Request for Production.

**RESPONSE:**

67. All documents or tangible things reflecting any disciplinary action ever taken by you against a person driving for you as a result of that driver's failure and/or refusal to comply with Federal Motor Carrier Safety Regulations, state driving laws and/or driving ordinances.

**RESPONSE:**

68. Copies of all road inspections for Michael Robidoy conducted by agents of the Federal Highway Administration for 2013 and the three (3) years prior to the incident (Form MCS-63). FMCSR §§395.13 & 396.9.

**RESPONSE:**

69. Copies of all driver-equipment compliance checks for the vehicle conducted by agents of the Federal Highway Administration for 2013 and the three (3) years prior to the incident (Form MCS-63).

**RESPONSE:**

70. Copies of all road inspection reports for Michael Robidoy and the vehicle conducted by state or municipal law enforcement agencies for 2013 and the three (3) years prior to the incident . FMCSR §390.30.

**RESPONSE:**

71. Any and all of driver 's daily written vehicle inspection reports completed during the time period in which he was a person driving for you, including but not limited to, completion of day work or reports, and your certifications that any defect or deficiencies had been corrected, as required by FMCSR §396.11.

**RESPONSE:**

72. Any and all per-trip reports required of Michael Robidoy for the date, and for the entire time period during which he was a person driving for you.

**RESPONSE:**

73. All Periodic, Annual or Semi-Annual Inspections done by or for you, and copies of all A, B and C inspections done by or for you on the vehicle.

**RESPONSE:**

NOTE: Please attached actual reprints, and not computer printouts or photocopies.

**RESPONSE:**

74.   If not otherwise produced herein, any and all records produced or received pursuant to inspections by State or Federal officials regarding Michael Robidoy or the vehicle/trailer involved in the incident made the basis of this lawsuit.  This is to include "Driver/Vehicle Inspection Reports" and/or "Out of Service" reports produced under the Motor Carrier Safety Assistance Program (MCSAP) or any related inspection program.

**RESPONSE:**

75.   All evidence of Michael Robidoy's qualifications to perform manual vehicle inspections on the vehicle.

**RESPONSE:**

76.   If the vehicle and/or trailer was/were leased, provide a copy of the lease agreement between you (i.e., the motor carrier) and the lessor.

**RESPONSE:**

77.   A copy of the title to the vehicle and/or trailer.

**RESPONSE:**

78.   Any and all agreements or other written documents, letters, directives, memoranda, and notes in the possession of Michael Robidoy, including those in the possession of any employee or agent, your parent company, sister subsidiaries or insurers dealing with the disposition of the vehicle being operated by Michael Robidoy at the time of the incident.

**RESPONSE:**

79.   All service bulletins regarding the systems on the vehicle regarding recurring problems as discovered by maintenance staff; maintenance changes instituted as a result of improved procedures; or for any other reason that maintenance staff had issued a service bulletin on the system.

**RESPONSE:**

80.    The name, address, telephone number and a job description for all mechanics employed by you who performed any maintenance on the vehicle that was involved in this accident from the date of purchase to the present.

**RESPONSE:**

81.    Please list the names, addresses and telephone numbers of all supervisors, foremen, and/or maintenance managers employed by you on the date of the incident  and for one (1) year prior to the incident.

**RESPONSE:**

82.    Your repair records and work orders (not computer printouts) regarding all repairs made to vehicle  from the date of purchase until the date of the incident .

   NOTE: This should include both the front and the back of all work orders/repair records.

**RESPONSE:**

83.    All of your purchase orders, which grant approval for all repairs made to the vehicle.

**RESPONSE:**

84.    The code for computer printout of repairs made to the vehicle  on the date of the incident and for the six (6) months prior to the incident.

**RESPONSE:**

85.    If not otherwise provided herein, complete copies of all files and file materials of or concerning the vehicle and trailer, regardless of how such materials are categorized and/or maintained.

**RESPONSE:**

86.    Copies of all breakdown reports received by you concerning the vehicle for the date of the incident and for the six (6) months prior to the incident.

**RESPONSE:**

87.    Copies of all accident reports involving the vehicle from the date of the incident and for the six (6) months prior to the incident.

**RESPONSE:**

88.    Any and all governmental or private reports issued, concerning the incident, vehicles and/or individuals made the basis of this lawsuit.

**RESPONSE:**

89.    Any notes, records, or statements produced to facilitate completion of the accident register pursuant to compliance with 49 CFR Part 390.15 of the Federal Motor Carrier Safety Regulations, regarding any incident or collisions in which Michael Robidoy was involved while employed by or for you.

**RESPONSE:**

90.    The accident register and reports filed pursuant to 49 CFR Part 390.15 of the Federal Motor Carrier Safety Regulations regarding the incident made the basis of this lawsuit, and any other incidents or collisions in which Michael Robidoy was involved while employed by or for you.

**RESPONSE:**

91.    Any and all of Michael Robidoy's collision or incident reports reported to the directors of the various Regional Motor Carrier Safety Offices of the Federal Highway Administration, including the "incident made the basis of this suit," and all previous collisions involving Michael Robidoy as a person driving for you, as required by FMCSR, section 394.9.

**RESPONSE:**

92.   Any and all state or municipal accident reports, and accident reports created by you regarding any and all accidents in which Michael Robidoy , as a person driving for you, was involved, as required by FMCSR, section 390.30 and 391(b)(5).

**RESPONSE:**

93.   Copies of any documents regarding the reporting of the incident made the basis of this lawsuit to you, whether Michael Robidoy or another person made such reporting.

**RESPONSE:**

94.   If hazardous materials were transported in the incident, additional incident reports required by the Federal Department of Transportation.

**RESPONSE:**

95.   Copies of all bills, invoices or other documents reflecting the purchase, lease, installation, repair and/or use of any cell phones owned by your driver on the day before and day of this collision.

**RESPONSE:**

96.   True and correct copies of all studies performed which are in your possession, on the subjects of:

    (a)   The effect(s) of driver fatigue on driver performance; and,

    (b)   Hazards associated with driving large commercial vehicles.

**RESPONSE:**

97.   Copies of any and all studies, papers and/or any other document which reflects your company's knowledge of:

(a)   The problem of driver fatigue;

(b)   The relationship of driver fatigue on a driver's performance;

(c)   The number of traffic accidents involving commercial carriers occurring in the United States each year;

(d)   The number of traffic fatalities and serious injuries resulting from accidents involving commercial carriers occurring in the United States each year;

(e)   The importance of and reason behind the "ten-hour rule";

(f)   The importance of and reason behind the "seventy-hour rule."

**RESPONSE:**

98.   All documents presented, considered or reviewed at any company meeting discussing, in whole or in part, any or all of the topics referred to in the preceding Request for Production.

**RESPONSE:**

99.   Any material provided by you to the Federal Highway Administration, Department of Transportation, National Highway Traffic Safety Administration, or any other Federal, State, County or Municipal entity regarding any investigation of any fatality or major accidents concerning you or any of your employees, agents, servants or representatives for the five (5) years preceding the incident through the present.

**RESPONSE:**

100.   Copies of any material provided to you by the Federal Highway Administration, Department of Transportation, National Highway Traffic Safety Administration, or any other Federal, State, County or Municipal entity regarding any investigation of any fatality or major injury accidents concerning you or any of your employees, agents, servants or representatives for the five (5) years preceding the incident through the present.

**RESPONSE:**

101.    Copies of any material provided by you to the Federal Highway Administration, Department of Transportation, National Highway Traffic Safety Administration, or any other Federal, State, County or Municipal entity regarding any investigation of any injury and/or property damage accidents concerning you or any of your employees, agents, servants or representatives for the five (5) years preceding the incident through the present.

**RESPONSE:**

102.    Copies of any material provided to you the Federal Highway Administration, Department of Transportation, National Highway Traffic Safety Administration, or any other Federal, State, County or Municipal entity regarding any investigation of any injury and/or property damage accidents concerning you or any of your employees, agents, servants or representatives for the five (5) years preceding the incident through the present.

**RESPONSE:**

103.    Any documents relating to a review and evaluation by the U. S. Department of Transportation, Federal Highway Administration, for a period of six (6) years preceding date of accident.

**RESPONSE:**

104.    If you contend that the incident was caused, in whole or in part, by any defect or condition existing on or with or on account of the vehicles, roadway or any traffic control devices, please produce all documents which substantiate such contention.

**RESPONSE:**

105.    Documentation identifying your business character on the date of The Incident.

**RESPONSE:**

106.    All organizational charts, organizational directories, and/or other documents depicting, in whole or in part, the organization and/or structure of one or more of the entities described in the definition of your company attached hereto. These organization charts are requested for the time period from 2012 to the present.

**RESPONSE:**

107.   Please produce true and correct copies of any and all Income Tax returns for you for the
years 2009 to the present.

**RESPONSE:**

108.   Please attach to your responses to this document true and correct copies of the following
regarding your:

    (a)   General financial statements, audited financial statements, unaudited financial
statements, annual statements or annual reports (whether video or written) for the
years 2012 to the present;

    (b)   Complete statements of assets, including but not limited to, the current assets,
investments, advances and property, plant and equipment for the year ending
December 31, 2013;

    (c)   Complete statements of liabilities, including but not limited to, the current liabilities,
long term debt, deferred income taxes, stockholders' equity and commitments and
liabilities for the year ending December 31, 2013.

    (d)   Complete statements of income, including but not limited to, gross and net revenues,
other operating revenue, operating costs and expenses, other income, other expenses,
income taxes, equity in income of any affiliates and net income per common share
for the years 2013, 2014 and 2015.

**RESPONSE:**

109.   True and correct copies of any reports, statements, memoranda or other documents
reflecting:

    (a)   Your total operating budget for each year between 2012 and the year ending
December 31, 2014;

(b)     The budget of your Safety Office or Department for each year between 2012 and the year ending December 31, 2014;

(c)     The amount of money spent by you in each year between 2012 and the year ending December 31, 2014, to ensure that persons driving for you fully complied with Federal Motor Carrier Safety Regulations, and state and local driving laws.

**RESPONSE:**

110.    Please produce true and correct copies of any reports, statements, memoranda or other documents created by you between 2012 and the present for the benefit of your owner(s) and/or stockholders.

**RESPONSE:**

111.    All documents relating to reservation of rights or denial of coverage on the part of any insurance carrier for any named or potential defendants to this claim.

**RESPONSE:**

112.    Further to your disclosures made in response to Tex. R. Civ. P. 194.2(g), if any pertinent insurance policy is an aggregate or "eroding" policy and the annual aggregate has been reduced, please produce all settlement documents and/or agreements relevant to the payment of any claim reducing such aggregate, as well as any documents reflecting the degree to which such policy has been eroded by defense fees and/or costs.

**RESPONSE:**

113.    In addition to those materials disclosed in response to Tex. R. Civ. P. 194.2(h) ("settlement agreements"), please produce a copy of any letter, memo or document relating to any settlement agreement, cost- or evidence-sharing agreement, or any other understanding, between any party or witness, pertaining to the conduct or disposition of this case.

**RESPONSE:**

114.   Any contract, agreement, or documentation between you and any other actual or potential party-defendant or "responsible third party" (RTP) in this cause which states or explains the working and/or employment arrangement(s) between you and any other actual or potential party-defendant or RTP at the time of the incident.

**RESPONSE:**

115.   In addition to those materials disclosed in response to Tex. R. Civ. P. 194.2(g) ("indemnity and insuring agreements"), please also produce complete copies of all agreements pertaining to the defense or satisfaction of any claims arising out of the incident , whether or not specifically encompassed by any indemnity or insuring agreement that may or might be called upon to satisfy all or part of any judgment obtained in this cause.

**RESPONSE:**

116.   Pursuant to Rule 609(f) of the Texas Rules Evidence, please produce any evidence concerning the conviction of Plaintiff which you may use or intend to use at the time of trial, or in any motion presented to the Court in this cause.

**RESPONSE:**

117.   Please produce any information relating to criminal conviction to be used for impeachment purposes against any party, witness, expert, or person with knowledge of relevant facts.

**RESPONSE:**

118.   Please produce all documents which indicate that any or all of Plaintiff's conditions were, in whole or in part, pre-existing in nature or otherwise the result of circumstances other than the collision.

**RESPONSE:**

119.   If you contend that the injuries and damages of Plaintiff were caused, in whole or in part, by any defect or condition existing on or with or on account of the vehicle occupied by Plaintiff(s) at the time of the incident , please produce all documents which substantiate such contention.

**RESPONSE:**

120.    Please produce all documents, records and tangible things concerning Plaintiff which you have obtained from the Social Security Administration.

**RESPONSE:**

121.    Please produce all documents, records and tangible things concerning Plaintiff which you have obtained from the Internal Revenue Service.

**RESPONSE:**

122.    Please produce all documents, records and tangible things concerning Plaintiff which you have obtained from any source via any authorization provided by Plaintiff, regardless of the timing of or rationale for the provision of any such authorization.

**RESPONSE:**

123.    Please produce any and all affidavits you have obtained pursuant to Texas Rule of Evidence 902 and which you allege purport to authenticate documents relevant to the accident and/or injuries made the basis of this lawsuit.

**RESPONSE:**

124.    A true and correct copy of any documents or other graphic or written materials not otherwise produced herein which you may use as an exhibit at the trial of this case.

**RESPONSE:**

125.    Please produce a copy of any and/or all document retention policies which resulted in the destruction of documents responsive to Plaintiff's discovery in this case.

**RESPONSE:**

126.   Please produce all data bases and/or indices listing, describing, and/or otherwise containing one or more of the documents produced to the Plaintiff in this case, including, but not limited to, those documents produced on microfilm. If said data bases and/or indices are stored and/or can be stored in a manner such that they may be retrieved on a computer, please provide a copy of the disk or other media on which such indices are stored, with appropriate information as to the file names, location on the disk, and/or the software/hardware necessary to retrieve such information.

**RESPONSE:**

127.   Produce a copy of the company's carrier profile maintained in the MCMIS.

**RESPONSE:**

128.   Produce a copy of all documents showing the company's BASIC measurements at any time in the three years before the wreck through one year after.

**RESPONSE:**

129.   Produce a copy of all documents and communications demonstrating that the company ever took issue with any BASIC measurement or sought to have data underlying any BASIC measurement corrected.

**RESPONSE:**

130.   Produce a copy of all communications of any kind related to any CSA intervention in the three years before the wreck through one year after.

**RESPONSE:**

131.   Produce a copy of all documents and data of any kind that you ever received through the PSP regarding Michael Robidoy.

**RESPONSE:**

132.   Produce a copy of the electronic on-board recorder's log trail for Michael Robidoy's logs, showing the date of each entry in the recorder and the date of each change to the entry, for all logs produced for Michael Robidoy.

**RESPONSE:**

133.   Produce copies of any government agency documents showing interventions from three years before the wreck to one year after the wreck, including the following:
   a.   warning letters
   b.   results from any targeted roadside inspection
   c.   results from any off-site investigation
   d.   results from any on-site investigation
   e.   any cooperative safety plan
   f.   any notice of violation
   g.   any notice of claim or settlement agreement
   h.   any notice that the company or driver was unfit or unsatisfactory.

This request specifically includes any other intervention that the company received after the date of the wreck that refers to it.

**RESPONSE:**

## PLAINTIFF'S FIRST REQUEST FOR
## ADMISSIONS TO DEFENDANT R & R EXPRESS, LLC

To:    R & R Express, LLC

Plaintiff serves the following Request for Admissions on Defendant R & R Express, LLC which are to be answered in accordance with Tex. R. Civ.P. 198 within fifty (50) days after service.

### REQUEST FOR ADMISSIONS

1:    Admit that on the date of the collision, Michael Robidoy was an employee of  R & R Express, LLC

   **RESPONSE:**

2:    Admit that at the time of the collision, Michael Robidoy was acting in the course and scope of his employment with R & R Express, LLC

   **RESPONSE:**

3:    Admit that at the time of the collision, you owned the vehicle being driven by Michael Robidoy.

   **RESPONSE:**

4:    Admit that no act or omission of anyone other Michael Robidoy caused or contributed to the collision.

   **RESPONSE:**

5:    Admit that no act of God caused or contributed to the collision.

   **RESPONSE:**

6:    Admit that no act or omission of any third party (not already a party to this lawsuit) caused or contributed to the collision.

   **RESPONSE:**

7:    Admit that the vehicle was operating properly at the time of the collision.

**RESPONSE:**

8:    Admit that the collision was caused by the negligence of Michael Robidoy.

**RESPONSE:**

9:    Admit that you were responsible for maintaining the condition of the vehicle.

**RESPONSE:**

10:    Admit that you gave Michael Robidoy permission to drive the vehicle at the time of the collision.

**RESPONSE:**

11.    Admit that your company (or others on its behalf) examined, photographed, or investigated the vehicle(s) prior to receiving service of Plaintiff's Original Petition.

**RESPONSE:**

12.    Admit that your company (or others on its behalf) examined, photographed, or investigated the accident scene made the basis of this lawsuit prior to receiving service of Plaintiff's Original Petition.

**RESPONSE:**

13.    Admit that your company (or others on its behalf) examines, photographs and/or investigates all vehicle(s) and/or accident scenes involving your vehicles and/or drivers, as a matter of company policy or procedure.

**RESPONSE:**

14.    Admit that you have insufficient evidence with which to claim that Plaintiff was negligent in a way which was a proximate cause of the injuries or damages made the basis of this suit.

**RESPONSE:**

15.    Admit that you had written or oral communications with Michael Robidoy on or about the date (i.e., May 14, 2014).

**RESPONSE:**

16.     Admit that, from the time your company was formed to May 14, 2014 you possessed the financial ability and resources necessary to implement all procedures, checks, programs and policies needed to promote, ensure and require safe driving practices and compliance with federal and state motor carrier vehicle regulations by persons driving for you.

        **RESPONSE:**

17.     Admit that you authorized Michael Robidoy  to drive for Defendant on the date  (i.e. May 14, 2014) in the manner in which he drove for you on or about the date , immediately prior to the incident made the basis of this suit.

        **RESPONSE:**

18.     Admit that you know that the provisions of the Federal Motor Carrier Safety Regulations prescribe at least the minimum requirements of a person fit to drive for Defendant.

        **RESPONSE:**

19.     Admit that you know that it is necessary for you to fully comply with the various provisions of the Federal Motor Carrier Safety Regulations in order to determine whether a person is fit to drive for Defendant.

        **RESPONSE:**

20.     Admit that you know that a person not authorized by the Federal Motor Carrier Safety Regulations to drive commercial vehicles is unfit to drive for Defendant.

        **RESPONSE:**

21.     Admit that it would be reckless for you to employ a person to drive for you without fully complying with the various provisions of the Federal Motor Carrier Vehicle Regulations.

        **RESPONSE:**

22.     Admit that you approved of the manner in which Michael Robidoy  operated the vehicle(s) immediately prior to, and during, the incident made the basis of this suit.

        **RESPONSE:**

23.     Admit that you approved of the frequency of, and the manner in which, Michael Robidoy filled out his log books and daily inspection reports.

        **RESPONSE:**

24.   Admit that you approved of the manner in which Michael Robidoy chose to observe "the ten-hour rule," "the seventy-hour rule" and other provisions of the Federal Motor Carrier Safety Regulations.

**RESPONSE:**

25.   Admit that the individual employed by you to interview Michael Robidoy for employment was employed in a managerial capacity and was acting within the scope of his employment with you when he conducted your employment interview, the processing of Michael Robidoy 's employment application, Michael Robidoy training given to Michael Robidoy and the road test completed by Michael Robidoy.

**RESPONSE:**

26.   Admit that you approved of the manner in which individuals working in your Safety Department (or the equivalent, if operated under a different name), conducted Michael Robidoy 's interview, the processing of the employment application, Michael Robidoy training given to Michael Robidoy and the road test completed by Michael Robidoy.

**RESPONSE:**

27.   Admit that you approve of the manner in which the individuals working in your Safety Department chose to ensure Michael Robidoy 's compliance with "the ten-hour rule" and "the seventy-hour rule" and other provisions of the Federal Carrier Safety Regulations.

**RESPONSE:**

28.   Admit that, while driving for you, Michael Robidoy was required to submit himself to your control with respect to the details of driving for you.

**RESPONSE:**

29.   Admit that you have a non-delegable responsibility to the general driving public to ensure that all persons driving for you are qualified to drive under the Federal Motor Carrier Safety Regulations, and that failing to do so would be a reckless act on your part.

**RESPONSE:**

30.   Admit that you have a non-delegable responsibility to the general driving public to ensure that all persons driving for you are fully complying with the provisions of the Federal Motor Carrier Safety Regulations, and that failing to do so would be a reckless act on your part.

**RESPONSE:**

31.   Admit that you have a non-delegable responsibility to the general driving public to ensure that each person driving for you is not driving in a fatigued condition, and that failing to do so would be a reckless act on your part.

**RESPONSE:**

32.   Admit that you had knowledge of the fact that driver fatigue is the number one cause of commercial carrier motor vehicle collisions, and deaths resulting there from, at the time you hired Michael Robidoy to drive for you.

**RESPONSE:**

33.   Do you admit that a violation of a BASIC can lead to a crash?

**RESPONSE:**

34.   Do you admit that violation of a BASIC increases the risk of a crash?

**RESPONSE:**

35.   Do you admit that any violation of BASIC is unsafe?

**RESPONSE:**

36.   Do you admit that these are the seven BASICS and their corresponding federal regulation numbers and/or related data sources?

   (a)  Unsafe Driving:  FMCSR Parts 392 and 397;

   (b)  Fatigued Driving (Hours-of-Service): FMCSR Parts 392 and 395;

   (c)  Driver Fitness: FMCSR Parts 383 and 391;

   (d)  Controlled Substances/Alcohol:  FMCSR Parts 382 and 392;

   (e)  Vehicle Maintenance:  FMCSR Parts 393 and 396;

   (f)  Cargo-Related:  FMCSR Parts 392, 393, 397 and HM Violations; and

   (e)  Crash Indicator:  It is based on information from State-reported crashes.

**RESPONSE:**

37.   Do you admit that violation of a BASIC endangers the public?

**RESPONSE:**

CAUSE NO. _____

| | | |
|---|---|---|
| ROBERT ROSS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | ____JUDICIAL DISTRICT |
| | § | |
| R & R EXPRESS, LLC AND MICHAEL | § | |
| ROBIDOY | § | DALLAS COUNTY, TEXAS |

### PLAINTIFF'S FIRST SET OF WRITTEN
### DISCOVERY TO DEFENDANT MICHAEL ROBIDOY

TO:   Michael Robidoy

Plaintiff is now propounding on Defendant Michael Robidoy incorporated in this document:

First Set of Interrogatories, Request for Production, and Request for Admissions.

Respectfully submitted,

REYES | BROWNE | REILLEY

/s/ Spencer P. Browne_____
**Spencer P. Browne**
State Bar No. 24040589
**Lanita S. Morgan**
State Bar No. 24088090
5950 Berkshire Lane, Suite 410
Dallas, TX 75225
(214) 526-7900
(214) 526-7910 (FAX)
spencer@reyeslaw.com
lanita@reyeslaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE WITH PETITION

This will certify that this set of discovery is being served upon Defendant simultaneous with the citation directed to Defendant and Plaintiff's Original Petition.

/s/ Spencer P. Browne
Spencer P. Browne

## DEFINITIONS

1.    "The Collision" refers to the motor vehicle collision made the basis of this lawsuit.

2.    "The Vehicle" refers to the motor vehicle you were driving at the time of The Collision.

3.    "Document" refers to and includes every writing or record of any type that is in your possession, custody, or control. A document is deemed to be within your control if you may obtain possession from any other person or public or private entity having physical possession thereof. "Document" includes, without limitation, correspondence, memoranda, interoffice communications, hand written notes, e-mails, business records, computer notes, drafts, studies, publications, invoices, ledgers, journals, books, records, accounts, pamphlets, audio recordings, video recordings, reports, surveys, accident reports, statistical compilations, work papers, data processing cards, computer tapes or printouts, and/or all copies of each which contain any other writing or recording of any kind which does not appear on the original or on any other copy. To the extent that the information exists within a computer or a computer recorded medium, you are requested to reduce the information to paper copy.

## PLAINTIFF'S FIRST SET OF
## INTERROGATORIES TO DEFENDANT MICHAEL ROBIDOY

To:    Michael Robidoy

Plaintiff serves the following written interrogatories on Defendant Michael Robidoy, pursuant

to Tex.R.Civ.P. 197.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please state your full name (and all aliases or variations used in the spelling of your name), date and place of birth, present address, social security number, driver's license number and the state issuing same, and your citizenship or immigration status.

**ANSWER:**

**INTERROGATORY NO. 2:** State the name, address and telephone number of the owner of the vehicle.

**ANSWER:**

**INTERROGATORY NO. 3:** If you were not the owner of the vehicle, who gave you permission to use the vehicles at the time of the collision?

**ANSWER:**

**INTERROGATORY NO. 4:** Were you the driver of an automobile or truck that was involved in the collision? If no, please state the name, address and phone number of the person who was.

**ANSWER:**

**INTERROGATORY NO. 5:** If you contend that the negligence of any person or entity other than yourself, caused or contributed to causing the collision, please identify each such person or entity by name, address and phone number and state the factual basis for any such contention(s).

**ANSWER:**

**INTERROGATORY NO. 6:** If you were employed at the time of the collision, please identify your employer (name and address) and state whether or not you were working for your employer at the time of the collision.

**ANSWER:**

**INTERROGATORY NO. 7:** State where you had been just prior to the collision, where you were going at the time of the collision, and the purpose of the trip.

**PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY TO DEFENDANT MICHAEL ROBIDOY**        **Page 3**

<u>**ANSWER:**</u>

<u>**INTERROGATORY NO. 8**</u>:  If you have ever been arrested for or convicted of a crime within the last ten years, list all such arrests or convictions and what they were for, and give the dates and places where they occurred.

<u>**ANSWER:**</u>

<u>**INTERROGATORY NO. 9**</u>:  Please describe how you contend the collision occurred.

<u>**ANSWER:**</u>

<u>**INTERROGATORY NO. 10**</u>:  List the type and amount of intoxicating beverages, if any, you had consumed and what drugs or medications, if any, you had taken during the 24-hour period immediately preceding the collision.

<u>**ANSWER:**</u>

<u>**INTERROGATORY NO. 11**</u>:  Describe the damage done to the vehicle in the collision and set forth the cost of repair of such damage.

<u>**ANSWER:**</u>

<u>**INTERROGATORY NO. 12**</u>:  Please list every person you spoke to at the scene of the collision, including a brief description of what was said.

<u>**ANSWER:**</u>

<u>**INTERROGATORY NO. 13**</u>:  Describe in detail any conversations you have ever had with Plaintiff.

<u>**ANSWER:**</u>

<u>**INTERROGATORY NO. 14**</u>:  Describe any information you have indicating that there was any defect or failure on the part of any vehicles or equipment involved in the collision.

<u>**ANSWER:**</u>

<u>**INTERROGATORY NO. 15**</u>:  Describe any traffic citation you received as a result of the collision by stating the citation number, name and location of the court involved, the violations of the law charged in that citation, and the date, place, and manner (i.e., type of plea, bail, forfeit, trial, etc.) of disposition of the citation.

<u>**ANSWER:**</u>

**INTERROGATORY NO. 16**: Pursuant to Rule 609 of the Texas Rules of Evidence, if you intend to seek to admit into evidence or bring to the attention of the jury any convictions of Plaintiff or any person listed as having knowledge of relevant facts by any party hereto, please provide the cause number, county and state of conviction, the date of conviction, and the type of crime.

**ANSWER:**

**INTERROGATORY NO. 17**: If you contend that Plaintiff was negligent in connection with the collision, please state the factual basis for such contention.

**ANSWER:**

**INTERROGATORY NO. 18**: Please identify any medical treatment that you are aware of that Plaintiff has received since the date of The Collision that you contend was unnecessary.

**ANSWER:**

**INTERROGATORY NO. 19**: Please identify any medical treatment that you are aware of that Plaintiff has received since the date of the collision that you contend was not caused by the collision.

**ANSWER:**

**INTERROGATORY NO. 20**: Please identify any medical treatment that you are aware of that Plaintiff has received  since the date of the collision that you contend was unreasonable in the amount that was charged for such treatment.

**ANSWER:**

**INTERROGATORY NO. 21**:  Do you contend that Plaintiff has exaggerated or falsified any injury, symptom or complaint since the time of the collision?  If so, please describe such injury, symptom or complaint and state the factual basis for your contention it was exaggerated or falsified.

**ANSWER:**

**INTERROGATORY NO. 22**: Do you have a prescription for corrective lenses?  If yes, state the name, address and telephone of the person who provided the prescription and state the date or approximate date it was last updated.

**ANSWER:**

**INTERROGATORY NO. 23**: If you contend that the collision was an unavoidable accident or was due to a sudden emergency, please state the factual basis for such contention(s).

**ANSWER:**

## PLAINTIFF'S FIRST REQUEST FOR
## PRODUCTION TO DEFENDANT MICHAEL ROBIDOY

To:    Michael Robidoy

Plaintiff serves the following Request for Production on Defendant Michael Robidoy

which are to be answered in accordance with The Texas Rules of Civil Procedure.

### REQUESTS FOR PRODUCTION

Please produce the following documents and/or tangible items:

**REQUEST NO. 1:**  A photocopy of both the front and back of your current driver's license.

**RESPONSE:**

**REQUEST NO. 2:**  A copy of the title to the vehicle.

**RESPONSE:**

**REQUEST NO. 3:**  Color copies of any and all photographs, video tapes, drawings, sketches and maps of:

        a)     the vehicles involved in The Collision;

        b)     the Plaintiff(s) or Defendant(s) either before or after The Collision; and

        c)     the scene of The Collision.

**RESPONSE:**

**REQUEST NO. 4:**  All documents regarding the last state vehicles inspection done on the vehicle prior to The Collision.  Such documents include receipts and/or reports.

**RESPONSE:**

**REQUEST NO. 5:**  All documents regarding maintenance or repair work done on the vehicle within the six months prior to The Collision.  Such documents include receipts, work orders, recall notices, etc.

**RESPONSE:**

**REQUEST NO. 6:**  A copy of any damage appraisal or invoice related to Plaintiff's vehicle.

**RESPONSE:**

**REQUEST NO. 7:**  A copy of any damage appraisal or invoice related to the vehicle.

**RESPONSE:**

**REQUEST NO. 8:**  Any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse payments made to satisfy the judgment, including but not limited to any liability insurance policy covering you or the automobile being driven by you at the time of The Collision.

**RESPONSE:**

**REQUEST NO. 9:**  Any reservation of rights letter or other document sent to you by any insurer regarding insurance coverage for The Collision.

**RESPONSE:**

**REQUEST NO. 10:**  Copies of any written statements or transcripts of oral statements made by Plaintiff concerning the subject matter of this lawsuit.  If recordings were made of such oral statements and no transcript is available, please produce a copy of the recordings.

**RESPONSE:**

**REQUEST NO. 11:**  A copy of any contract of employment with your employer at the time of The Collision.

**RESPONSE:**

**REQUEST NO. 12:**  A copy of any surveillance movies, video tapes, photos, etc. of Plaintiff.

**RESPONSE:**

**REQUEST NO. 13:**  All formal and informal reports and documents prepared by an officer or employee of any law enforcement agency or other governmental agency which pertain, in any way, to The Collision.

**RESPONSE:**

**REQUEST NO. 14:**  Copies of all public records and/or reports, pursuant to Tex.R.Evid. 803(8) and/or Rule 902(4) and/or Rule 1005, which you intend to use, for any purpose, during the trial of this lawsuit.

**RESPONSE:**

**PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY TO DEFENDANT MICHAEL ROBIDOY**          **Page 7**

**REQUEST NO. 15:** Copies of all market reports or commercial publications, pursuant to Tex.R.Evid. 803(17), which you intend to use, for any purpose, during the trial of this lawsuit.

**RESPONSE:**

**REQUEST NO. 16:** Copies of relevant portions of all learned treatises, pursuant to Tex.R.Evid. 803(18), which you intend to use, for any purpose, during the trial of this lawsuit.

**RESPONSE:**

**REQUEST NO. 17:** Copies of all official publications, pursuant to Tex.R.Evid. 902(5), which you intend to use, for any purpose, during the trial of this lawsuit.

**RESPONSE:**

**REQUEST NO. 18:** Copies of all newspapers and periodicals, pursuant to Tex.R.Evid. 902(6), which you intend to use, for any purpose, during the trial of this lawsuit.

**RESPONSE:**

**REQUEST NO. 19:** Copies of all summaries, pursuant to Tex.R.Evid. 1006, which you intend to use, for any purpose, during the trial of this lawsuit.

**RESPONSE:**

**REQUEST NO. 20:** Copies of any records regarding any conviction of Plaintiff for a crime.

**RESPONSE:**

**REQUEST NO. 21:** Copies of all medical records or bills you, your attorneys, or your insurers have regarding any medical treatment received by Plaintiff.

**RESPONSE:**

**REQUEST NO. 22:** Copies of any portions of articles, treatises, periodicals, books, pamphlets or studies which may be relied upon by an expert witness who may be called by you to testify during the trial of this case.

**RESPONSE:**

**REQUEST NO. 23:** Copies of any records or documents relating to Plaintiff's employment with any individual or entity in the last five years.

**PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY TO DEFENDANT MICHAEL ROBIDOY**          **Page 8**

**RESPONSE:**

**REQUEST NO. 24:**  Pursuant to Rule 203.3 of the Texas Rules of Civil Procedure, copies of all transcripts of oral depositions taken by you in this case.

**RESPONSE:**

**REQUEST NO. 25:**  Pursuant to Rule 203.3 of the Texas Rules of Civil Procedure, copies of all transcripts of depositions upon written questions taken by you in this case, including any documents attached thereto.

**RESPONSE:**

**REQUEST NO. 26:**  Copies of all documents obtained by you with the use of authorizations signed by Plaintiff.

**RESPONSE:**

**REQUEST NO. 27:**  For any consulting expert witness whose mental impressions or opinions have been reviewed by any testifying expert in this cause, please provide copies of all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the consulting expert, and the consulting expert's current resume and bibliography.

**RESPONSE:**

**REQUEST NO. 28:**  Copies of any correspondence between you (or your attorneys or your insurer) and any witness to The Collision.

**RESPONSE:**

**REQUEST NO. 29:**  Copies of any ISO, SWIB, or any and all other database responses you our your insurance company or your counsel has used to conduct a claims history search about any Plaintiff; the owner of Plaintiff's vehicle, the vehicle Plaintiff was traveling in, any passengers in the vehicle Plaintiff was in, Defendant, the owner of Defendant's vehicle, the vehicle Defendant was traveling in, and any passengers in the Defendant's vehicle.

**RESPONSE:**

**REQUEST NO. 30:** Copies of any LexisNexis Choice Point, E-Speed Case Summary Review, or similar reports for carrier identification, case management, claims analytics, claims prefill, claims software, courthouse searches, identity matching, incident reports, motor vehicle records, on demand due diligence, public information searches, skip tracing, vehicle owner verification, visualization and geospatial analysis, and watch list compliance obtained by you or your insurance company or your counsel relating to the subject matter of this lawsuit.

**RESPONSE:**

**REQUEST NO. 31:** Copies of any "Decision Point Medical Expert" or similar medical claim audit reports obtained by you or your insurance company or your counsel regarding any Plaintiff to this lawsuit.

**RESPONSE:**

## PLAINTIFF'S FIRST REQUEST FOR
## ADMISSIONS TO DEFENDANT MICHAEL ROBIDOY

To:    Michael Robidoy

Plaintiff serves the following Request for Admissions on Defendant Michael Robidoy which

are to be answered in accordance with Tex. R. Civ.P. 198 within fifty (50) days after service.

### REQUEST FOR ADMISSIONS

**REQUEST NO. 1:** Admit that on the date of The Collision, you were involved in a motor vehicle collision with a vehicle operated or occupied by Plaintiff.

**RESPONSE:**

**REQUEST NO. 2:** Admit that on the date of The Collision you were the driver of a vehicle which was involved in The Collision.

**RESPONSE:**

**REQUEST NO. 3:** Admit that at the time of The Collision, you owned the vehicle you were driving.

**RESPONSE:**

**REQUEST NO. 4:** Admit that no act or omission of anyone other than yourself caused or contributed to The Collision.

**RESPONSE:**

**REQUEST NO. 5:** Admit that no act of God caused or contributed to The Collision.

**RESPONSE:**

**REQUEST NO. 6:** Admit that no act or omission of any third party (not already a party to this lawsuit) caused or contributed to The Collision.

**RESPONSE:**

**REQUEST NO. 7:** Admit that the vehicle you were driving was operating properly at the time of The Collision.

**RESPONSE:**

**REQUEST NO. 8:** Admit that The Collision was caused by your negligence.

**RESPONSE:**

**REQUEST NO. 9:** Admit that you were in the course and scope of your employment for your employer at the time of The Collision.

**RESPONSE:**

**REQUEST NO. 10:** If were not the owner of the vehicle you were driving at the time of The Collision, admit that you had permission from the owner to be driving it.

**RESPONSE:**

STATE OF TEXAS }
COUNTY OF DALLAS }

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
In Dallas, Texas, this ___2nd___ day of ___September___ A.D., _2015_.

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS
By_____Deputy

# EXHIBIT "C-3"

FILED
DALLAS COUNTY
7/6/2015 4:09:47 PM
FELICIA PITRE
DISTRICT CLERK

## CIVIL CASE INFORMATION SHEET

**CAUSE NUMBER** *(FOR CLERK USE ONLY):* DC-15-07588 **COURT** *(FOR CLERK USE ONLY):* _____

**STYLED** Robert Ross v. R & R Express, LLC and Michael Robidoy

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Spencer P. Browne **Email:** spencer@reyeslaw.com | **Plaintiff(s)/Petitioner(s):** Robert Ross | ☒ Attorney for Plaintiff/Petitioner ☐ Pro Se Plaintiff/Petitioner ☐ Title IV-D Agency ☐ Other: |
| **Address:** 5950 Berkshire Lane, Ste. 410 **Telephone:** (214) 526-7900 | | Additional Parties in Child Support Case: |
| **City/State/Zip:** Dallas, TX 75225 **Fax:** (214) 526-7910 | **Defendant(s)/Respondent(s):** R & R Express, LLC and Michael Robidoy | Custodial Parent: Non-Custodial Parent: |
| **Signature:** Spencer P. Browne **State Bar No:** 24040589 | *(Attach additional page as necessary to list all parties)* | Presumed Father: |

### 2. Indicate case type, or identify the most important issue in the case *(select only 1):*

| **Civil** | | | **Family Law** | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-Judgment Actions (non-Title IV-D)** |
| *Debt/Contract* ☐ Consumer/DTPA ☐ Debt/Contract ☐ Fraud/Misrepresentation ☐ Other Debt/Contract: | ☐ Assault/Battery ☐ Construction ☐ Defamation *Malpractice* ☐ Accounting ☐ Legal ☐ Medical ☐ Other Professional Liability: | ☐ Eminent Domain/ Condemnation ☐ Partition ☐ Quiet Title ☐ Trespass to Try Title ☐ Other Property: | ☐ Annulment ☐ Declare Marriage Void *Divorce* ☐ With Children ☐ No Children | ☐ Enforcement ☐ Modification—Custody ☐ Modification—Other |
| *Foreclosure* ☐ Home Equity—Expedited ☐ Other Foreclosure ☐ Franchise ☐ Insurance ☐ Landlord/Tenant ☐ Non-Competition ☐ Partnership ☐ Other Contract: | ☒ Motor Vehicle Accident ☐ Premises *Product Liability* ☐ Asbestos/Silica ☐ Other Product Liability List Product: ____ ☐ Other Injury or Damage: | **Related to Criminal Matters** ☐ Expunction ☐ Judgment Nisi ☐ Non-Disclosure ☐ Seizure/Forfeiture ☐ Writ of Habeas Corpus— Pre-indictment ☐ Other: | **Title IV-D** ☐ Enforcement/Modification ☐ Paternity ☐ Reciprocals (UIFSA) ☐ Support Order | |
| | | **Other Family Law** ☐ Enforce Foreign Judgment ☐ Habeas Corpus ☐ Name Change ☐ Protective Order ☐ Removal of Disabilities of Minority ☐ Other: | **Parent-Child Relationship** ☐ Adoption/Adoption with Termination ☐ Child Protection ☐ Child Support ☐ Custody or Visitation ☐ Gestational Parenting ☐ Grandparent Access ☐ Parentage/Paternity ☐ Termination of Parental Rights ☐ Other Parent-Child: | |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination ☐ Retaliation ☐ Termination ☐ Workers' Compensation ☐ Other Employment: | ☐ Administrative Appeal ☐ Antitrust/Unfair Competition ☐ Code Violations ☐ Foreign Judgment ☐ Intellectual Property | ☐ Lawyer Discipline ☐ Perpetuate Testimony ☐ Securities/Stock ☐ Tortious Interference ☐ Other: | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐ Tax Appraisal ☐ Tax Delinquency ☐ Other Tax | *Probate/Wills/Intestate Administration* ☐ Dependent Administration ☐ Independent Administration ☐ Other Estate Proceedings | ☐ Guardianship—Adult ☐ Guardianship—Minor ☐ Mental Health ☐ Other: | | |

### 3. Indicate procedure or remedy, if applicable *(may select more than 1):*

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court ☐ Arbitration-related ☐ Attachment ☐ Bill of Review ☐ Certiorari ☐ Class Action | ☐ Declaratory Judgment ☐ Garnishment ☐ Interpleader ☐ License ☐ Mandamus ☐ Post-judgment | ☐ Prejudgment Remedy ☐ Protective Order ☐ Receiver ☐ Sequestration ☐ Temporary Restraining Order/Injunction ☐ Turnover |

### 4. Indicate damages sought *(do not select if it is a family law case):*

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☒ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

# EXHIBIT "C-4"



GARY FITZSIMMONS

DALLAS COUNTY DISTRICT CLERK

VIRGINIA ETHERLY
CHIEF DEPUTY

## CAUSE NO. DC-15-07588

ROBERT ROSS

vs.

MICHAEL ROBIDOY, et al

101st District Court

# <u>ENTER DEMAND FOR JURY</u>

JURY FEE PAID BY: PLAINTIFF

FEE PAID: $30

600 Commerce Street    Dallas, Texas 75202 (214) 653-7301
Fax (214) 653-6634  e-mail: gfitzsimmons@dallascounty.org
website: www.dallascounty.org/distclerk/index.html

# EXHIBIT "C-5"

DEP $4

FILED
DALLAS COUNTY
7/9/2015 2:21:38 PM
FELICIA PITRE
DISTRICT CLERK

Lantz Sandra

DC-15-07588-E

# ALLIANCE CIVIL PROCESS
**1601 Gill St.**
**Fort Worth, Texas 76131**
**817/306-4150 (Telephone)**
**817/306-4148 (Facsimile)**

**DATE:**   7/9/15

**TO:**   Dallas Co. District Clerk
   **Attn:  Christi Undersood**

**RE:**   DC-15-07588;  Robert Ross vs. R&R Express, LLC, et al

Per our conversation, I am submitting the $4.00 fee shortage for the issuance of the citation to Michael Robidoy, **by serving to the Chairman of the Texas Transportation Commission**.

Please E-ISSUE citation as soon as possible.

Thank you for your assistance.

Should you have any questions, please contact me at (877) 306-4150.

**Thank you, Alliance Civil Process**

# EXHIBIT "C-6"

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:
R & R EXPRESS LLC
BY SERVING ITS REG AGENT CORPORATION SERVICE COMPANY
211 E 7TH STREET STE 620
AUSTIN TX 78701

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **101st District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **ROBERT ROSS**

Filed in said Court **6th day of July, 2015** against

**R & R EXPRESS LLC AND MICHAEL ROBIDOY**

For Suit, said suit being numbered <u>**DC-15-07588,**</u> the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQ FOR DISCLOSURE, REQ FOR ADMISSIONS, REQ FOR PRODUCTION AND INTERROGATORIES,**
a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 17th day of July, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
/s/ Carmen Moorer
CARMEN MOORER



---

**ESERVE**

# CITATION

## DC-15-07588

**ROBERT ROSS**
**vs.**
**MICHAEL ROBIDOY, et al**

ISSUED THIS
**17th day of July, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: CARMEN MOORER, Deputy

---

**Attorney for Plaintiff**
SPENCER BROWNE
SPENCER@REYESLAW.COM
5950 BERKSHIRE LN STE 410
DALLAS TX 75225
214-526-7900

## DALLAS COUNTY
## SERVICE FEES
## NOT PAID

# OFFICER'S RETURN

Case No. : DC-15-07588

Court No.101st District Court

Style: ROBERT ROSS

vs.

MICHAEL ROBIDOY, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County,_____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of_____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

# EXHIBIT "C-7"

FORM NO. 353-4—CITATION

~~THE STATE OF TEXAS~~

To:   **MICHAEL ROBIDOY**
      **BY SERVING THE CHAIRMAN OF THE STATE HIGHWAY**
      **AND PUBLIC TRANSPORTATION COMMISSION**
      **125 E 11ᵀᴴ STREET**
      **AUSTIN TX 78701-2483**

GREETINGS:
You have been sued. You may employ an attorney.  If you or your attorney do not file a written answer with    the
clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you
were served this citation and  petition, a default judgment may be taken against you.
  Your answer should be addressed to the clerk of the **101st District Court**
at 600 Commerce Street, Dallas, Texas 75202.

Said **PLAINTIFF** being **ROBERT ROSS**

Filed in said Court 6th day of July, 2015 against
**R & R EXPRESS LLC AND MICHAEL ROBIDOY**

  For suit, said suit being numbered   **DC-15-07588**  the nature of which demand is as follows:
  Suit On  **MOTOR VEHICLE ACCIDENT** etc.
as shown on said petition **REQ FOR DISCLOSURE, REQ FOR ADMISSIONS, REQ FOR PRODUCTION AND
INTERROGATORIES,,** a copy of which accompanies this citation.  If this citation is not served, it shall be returned
unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
  Given under my hand and the Seal of said Court at office **on this the 17th day of July, 2015**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

                                        /s/ Carmen Moorer
        By_____, Deputy
                    **CARMEN MOORER**

---

ESERVE (COH)

CITATION

| No.: **DC-15-07588** |
| --- |

**ROBERT ROSS**
**VS.**
**MICHAEL ROBIDOY, ET AL**

---

ISSUED
**ON THIS THE 17TH DAY OF JULY, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By **CARMEN MOORER**, Deputy

---

Attorney for : Plaintiff
**SPENCER BROWNE**
**REYES  BROWNE**
**5950 BERKSHIRE LANE**
**SUITE 410**
**DALLAS TX  75225**
**214-526-7900**



**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

**OFFICER'S RETURN**
**FOR INDIVIDUALS**

Cause No. DC-15-07588

Court No: 101st District Court

Style: ROBERT ROSS
vs.
MICHAEL ROBIDOY, et al

       Received this Citation the _____day of_____, 20_____at_____o'clock. Executed at _____, within the County of _____, State of_____, on the _____ day of _____, 20_____, at _____o'clock, by delivering to the within named_____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

**OFFICER'S RETURN**
**FOR CORPORATIONS**

Received this Citation the _____day of_____, 20_____at_____o'clock ___.M. Executed at _____, within the County of _____, State of_____, on the _____ day of _____, 20_____, at _____ o'clock ____ .M. by summoning the within named Corporation,_____ by delivering to _____
_____ President - Vice President - Registered Agent - in person, of the said

      a true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:    To certify which witness by my hand.

| | | |
|---|---|---|
| For Serving Citation | $_____ | Sheriff_____ |
| For Mileage | $_____ | County of_____ |
| For Notary | $_____ | State of_____ |
| Total Fees | $_____ | By_____ |

(Must be verified if served outside the State of Texas)
State of_____
County of_____
      Signed and sworn to me by the said_____before me this_____
day of _____, 20_____, to certify which witness my hand and seal of office.

Seal               State & County of

# EXHIBIT "C-8"

FILED
DALLAS COUNTY
Dianne Coffey   8/14/2015 12:29:43 PM
FELICIA PITRE
DISTRICT CLERK

## AFFIDAVIT OF SERVICE

State of Texas                County of Dallas                101st Judicial District Court

Case Number: DC-15-07588

Plaintiff:
**Robert Ross**

vs.

Defendant:
**R&R Express, LLC and Michael Robidoy**

For:
Reyes Browne Reilley
5950 Berkshire Lane
Suite 410
Dallas, TX  75225

Received by Alliance Civil Process, Inc. on the 29th day of July, 2015 at 2:53 pm to be served on **Michael Robidoy by serving the Chairman of the State Highway and Public Transportation Comission, 125 E. 11th Street, Austin, TX 78701**.

I, Tim Ramsey, being duly sworn, depose and say that on the **30th day of July, 2015** at **2:05 pm, I:**

served a **GOVERNMENT AGENCY** by delivering a true copy of the **2 Copies of Citation and Plaintiff's Original Petition and Request for Disclosure and Discovery Requests** with the date and hour of service endorsed thereon by me, to: **Katherine Dulaney, Office of the Chairman of the Public Transportation Commission** as **Authorized Agent** for **Michael Robidoy by serving the Chairman of the State Highway and Public Transportation Comission**, and informed said person of the contents therein, in compliance with State Statutes.

I certify that I am over the age of 18, of sound mind, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was delivered.  The facts stated in this affadavit are within my personal knowledge and are true and correct.

Subscribed and Sworn to before me on the 30th day
of July, 2015 by the affiant who is personally known to
me.

NOTARY PUBLIC

NICOLE M. HYBNER
Notary Public
STATE OF TEXAS
My Comm. Exp. Aug. 09, 2016

Tim Ramsey
SCH-11266, Exp. 12/31/17

**Alliance Civil Process, Inc.**
**1601 Gill St**
**Fort Worth, TX 76131**
**(817) 306-4150**

Our Job Serial Number: MST-2015003689
Ref: Alliance 1615

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.4t

FORM NO. 353-4—CITATION
~~THE STATE OF TEXAS~~

To:   MICHAEL ROBIDOY
      BY SERVING THE CHAIRMAN OF THE STATE HIGHWAY
      AND PUBLIC TRANSPORTATION COMMISSION
      125 E 11TH STREET
      AUSTIN TX 78701-2483

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with   the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.
  Your answer should be addressed to the clerk of the **101st District Court**
at 600 Commerce Street, Dallas, Texas 75202.

Said **PLAINTIFF** being **ROBERT ROSS**

Filed in said Court 6th day of July, 2015 against
  **R & R EXPRESS LLC AND MICHAEL ROBIDOY**

  For suit, said suit being numbered   **DC-15-07588**  the nature of which demand is as follows:
  Suit On  **MOTOR VEHICLE ACCIDENT** etc.
as shown on said petition **REQ FOR DISCLOSURE, REQ FOR ADMISSIONS, REQ FOR PRODUCTION AND INTERROGATORIES,**. a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
  Given under my hand and the Seal of said Court at office **on this the 17th day of July, 2015**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

                        /s/ Carmen Moorer
          By_____, Deputy
                    **CARMEN MOORER**



ESERVE (COH)

CITATION

No.: **DC-15-07588**

**ROBERT ROSS**
**VS.**
**MICHAEL ROBIDOY, ET AL**

ISSUED
**ON THIS THE 17TH DAY OF JULY, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By **CARMEN MOORER**, Deputy

Attorney for : Plaintiff
  **SPENCER BROWNE**
  **REYES  BROWNE**
  **5950 BERKSHIRE LANE**
  **SUITE 410**
  **DALLAS TX  75225**
  **214-526-7900**

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# EXHIBIT "C-9"

FILED
DALLAS COUNTY
8/14/2015 12:29:43 PM
FELICIA PITRE
DISTRICT CLERK
Dianne Coffey

## <u>AFFIDAVIT OF SERVICE</u>

State of Texas                    County of Dallas                    101st Judicial District Court

Case Number: DC-15-07588

Plaintiff:
**Robert Ross**

vs.

Defendant:
**R&R Express, LLC and Michael Robidoy**

For:
Reyes Browne Reilley
5950 Berkshire Lane
Suite 410
Dallas, TX  75225

Received by Alliance Civil Process, Inc. on the 29th day of July, 2015 at 2:48 pm to be served on **R&R Express, LLC by delivering to Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701**.

I, Dane R. Cuppett, being duly sworn, depose and say that on the **30th day of July, 2015** at **11:10 am, I:**

delivered to REGISTERED AGENT by delivering a true copy of the **Citation and Plaintiff's Original Petition and Request for Disclosure** with the date of service endorsed thereon by me, to: **Sue Vertrees, Corporation Service Company as Registered Agent** at the address of: **211 E. 7th Street, Suite 620, Austin, TX 78701** on behalf of **R&R Express, LLC**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, of sound mind, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was delivered.  The facts stated in this affadavit are within my personal knowledge and are true and correct.

Subscribed and Sworn to before me on the 30th day of July, 2015 by the affiant who is personally known to me.

NOTARY PUBLIC

NICOLE M. HYBNER
Notary Public
STATE OF TEXAS
My Comm. Exp. Aug. 09, 2016

**Dane R. Cuppett**
SCH-7114, Exp. 9/30/16

**Alliance Civil Process, Inc.**
**1601 Gill St**
**Fort Worth, TX 76131**
**(817) 306-4150**

Our Job Serial Number: MST-2015003688
Ref: Alliance 1616

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.4t

# FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To:

**R & R EXPRESS LLC**
**BY SERVING ITS REG AGENT CORPORATION SERVICE COMPANY**
**211 E7TH STREET STE 620**
**AUSTIN TX 78701**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you. Your answer should be addressed to the
clerk of the **101st District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **ROBERT ROSS**

Filed in said Court  **6th day of July, 2015** against

**R & R EXPRESS LLC AND MICHAEL ROBIDOY**

For Suit, said suit being numbered **DC-15-07588,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQ FOR DISCLOSURE, REQ FOR ADMISSIONS, REQ FOR PRODUCTION AND INTERROGATORIES,**
a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 17th day of July, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
    CARMEN MOORER

---

**ESERVE**

# CITATION

## DC-15-07588

**ROBERT ROSS**
vs.
**MICHAEL ROBIDOY, et al**

ISSUED THIS
**17th day of July, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: CARMEN MOORER, Deputy

**Attorney for Plaintiff**
SPENCER BROWNE
SPENCER@REYESLAW.COM
5950 BERKSHIRE LN STE 410
DALLAS TX 75225
214-526-7900

# EXHIBIT "C-10"

FILED
DALLAS COUNTY
8/18/2015 2:11:30 PM
FELICIA PITRE
DISTRICT CLERK

## CAUSE NO. DC-15-07588

| | | |
|---|---|---|
| **ROBERT ROSS,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **VS.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **R & R EXPRESS, LLC and** | § | |
| **MICHAEL ROBIDOY,** | § | |
| *Defendants.* | § | **101ST JUDICIAL DISTRICT** |

## DEFENDANT MICHAEL ROBIDOY'S ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **COMES NOW,** Michael Robidoy, Defendant herein, and files this Original Answer Plaintiff's Original Petition, and in support thereof would respectfully show unto this Honorable Court as follows:

### I.
### GENERAL DENIAL

    Defendant denies each and every, all and singular, the allegations contained in Plaintiff's Original Petition and demands strict proof thereof as authorized by Texas Rule of Civil Procedure 92.

### II.
### AFFIRMATIVE DEFENSE AS TO LOSS OF INCOME

    By way of affirmative defense, Defendant would show that pursuant to §18.091 of the Texas Rules of Civil Practice and Remedies Code, to the extent that Plaintiff is seeking recovery of past and future lost wages, evidence of this loss must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law. Defendant further asserts the protections contained in §18.091 of the Texas Rules of Civil Practice and Remedies Code.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that upon final hearing hereof, Plaintiff takes nothing by way of his cause of action herein, that Defendant recovers his costs herein expended and for such other and further relief, at law or in equity, to which Defendant may show himself justly entitled to receive.

Respectfully submitted,

**SARGENT LAW, P.C.**

By: _____/s/ David L. Sargent_____
**DAVID L. SARGENT**
State Bar No. 17648700
david.sargent@sargentlawtx.com

901 Main Street, Suite 5200
Dallas, Texas  75202
(214) 749-6516 (direct – David Sargent)
(214) 749-6316 (fax – David Sargent)

ATTORNEYS FOR DEFENDANT
MICHAEL ROBIDOY

### CERTIFICATE OF SERVICE

The undersigned certifies that on the 18th day of August, 2015, a true and correct copy of the foregoing document was forwarded via facsimile to Spencer P. Browne, Reyes | Browne | Reilley, 5950 Berkshire Lane, Suite 410, Dallas, Texas 75225, counsel for Plaintiff.

_____/s/ David L. Sargent_____
**DAVID L. SARGENT**

# EXHIBIT "C-11"

FILED
DALLAS COUNTY
8/18/2015 2:11:30 PM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-15-07588

| | | |
|---|---|---|
| **ROBERT ROSS,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **VS.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **R & R EXPRESS, LLC and** | § | |
| **MICHAEL ROBIDOY,** | § | |
| *Defendants.* | § | **101ST JUDICIAL DISTRICT** |

<u>**DEFENDANT MICHAEL ROBIDOY'S REQUEST FOR JURY TRIAL**</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

      **COMES NOW,** Michael Robidoy, Defendant herein, and requests that a jury trial be held on said cause.  A jury fee has been paid by the Defendant.

                Respectfully submitted,

                **SARGENT LAW, P.C.**

                By:      /s/ David L. Sargent
                **DAVID L. SARGENT**
                State Bar No. 17648700
                david.sargent@sargentlawtx.com

                901 Main Street, Suite 5200
                Dallas, Texas  75202
                (214) 749-6516 (direct – David Sargent)
                (214) 749-6316 (fax – David Sargent)

                ATTORNEYS FOR DEFENDANT
                MICHAEL ROBIDOY

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 18th day of August, 2015, a true and correct copy of the foregoing document was forwarded via facsimile to Spencer P. Browne, Reyes | Browne | Reilley, 5950 Berkshire Lane, Suite 410, Dallas, Texas 75225, counsel for Plaintiff.

_____/s/ David L. Sargent_____
**DAVID L. SARGENT**

# EXHIBIT "C-12"

FILED
DALLAS COUNTY
8/24/2015 3:55:19 PM
FELICIA PITRE
DISTRICT CLERK

### CAUSE NO. DC-15-07588

| | | |
|---|---|---|
| **ROBERT ROSS,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **VS.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **R & R EXPRESS, LLC and** | § | |
| **MICHAEL ROBIDOY,** | § | |
| *Defendants.* | § | **101ST JUDICIAL DISTRICT** |

### DEFENDANT R & R EXPRESS, LLC'S ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** R & R Express, LLC, Defendant herein, and files this Original Answer Plaintiff's Original Petition, and in support thereof would respectfully show unto this Honorable Court as follows:

### I.
### GENERAL DENIAL

Defendant denies each and every, all and singular, the allegations contained in Plaintiff's Original Petition and demands strict proof thereof as authorized by Texas Rule of Civil Procedure 92.

### II.
### AFFIRMATIVE DEFENSE AS TO LOSS OF INCOME

By way of affirmative defense, Defendant would show that pursuant to §18.091 of the Texas Rules of Civil Practice and Remedies Code, to the extent that Plaintiff is seeking recovery of past and future lost wages, evidence of this loss must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law. Defendant further asserts the protections contained in §18.091 of the Texas Rules of Civil Practice and Remedies Code.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that upon final hearing hereof, Plaintiff takes nothing by way of his cause of action herein, that Defendant recovers its costs herein expended and for such other and further relief, at law or in equity, to which Defendant may show itself justly entitled to receive.

Respectfully submitted,

**SARGENT LAW, P.C.**

By:  _____/s/ David L. Sargent_____
**DAVID L. SARGENT**
State Bar No. 17648700
david.sargent@sargentlawtx.com

901 Main Street, Suite 5200
Dallas, Texas  75202
(214) 749-6516 (direct – David Sargent)
(214) 749-6316 (fax – David Sargent)

ATTORNEYS FOR DEFENDANT
R & R EXPRESS, LLC

### CERTIFICATE OF SERVICE

The undersigned certifies that on the 24th day of August, 2015, a true and correct copy of the foregoing document was forwarded via facsimile to Spencer P. Browne, Reyes | Browne | Reilley, 5950 Berkshire Lane, Suite 410, Dallas, Texas 75225, counsel for Plaintiff.

_____/s/ David L. Sargent_____
**DAVID L. SARGENT**

# EXHIBIT "C-13"

CAUSE NO. DC-15-07588

<table>
<tr><td>

ROBERT ROSS

vs.

MICHAEL ROBIDOY, et al

</td><td>

IN THE DISTRICT COURT

101st JUDICIAL DISTRICT

DALLAS COUNTY, TEXAS

</td></tr>
</table>

### MEDIATION ORDER

This case is appropriate for mediation pursuant to Section 154.001 et seq. of the Texas Civil Practice and Remedies Code. **GARY R CLAYTON**, at POLYMORPHIC SOLUTIONS 5057 KELLER SPRINGS STE 300 ADDISON TX 75001, is appointed mediator in the above case and all counsel are directed to contact mediator to arrange the logistics of mediation within seven (7) days from the date of this Order. Any objection to this Order must be filed and served upon all parties and the mediator, and a hearing must be requested, within fourteen (14) days from the date of this Order; an objection that is neither timely filed, nor ruled upon before the scheduled mediation may be waived.

Mediation is a mandatory but non-binding settlement conference, conducted with the assistance of the mediator. Mediation is private, confidential and privileged from process and discovery. After mediation, the court will be advised by the mediator, parties, and counsel, only that the case did or did not settle. The mediator shall not be a witness nor may the mediator's records be subpoenaed or used as evidence. No subpoenas, citations, writs, or other process shall be served at or near the location of any mediation session, upon any person entering, leaving or attending any mediation session.

The mediator will negotiate a reasonable fee with the parties which shall be divided and borne equally by the parties unless agreed otherwise, paid by the parties directly to the mediator, and taxed as costs. If the parties do not agree upon the fee requested by the mediator, the court will set a reasonable fee, which shall be taxed as costs. Each party and their counsel will be bound by the rules for mediation printed on the reverse hereof, and shall complete the information forms as are furnished by the mediator.

Named parties shall be present during the entire mediation process and each corporate party must be represented by an executive officer with authority to negotiate a settlement. Any mediated settlement involving a minor's interest must be either signed off by the ad litem or submitted to the Court for approval. Counsel, the parties and the mediator shall agree upon a mediation date within 5 days from the date of this order. If no date can be agreed upon within the five (5) day period, then the mediator shall select a date for the mediation and all parties shall appear as directed by the mediator.

The date scheduled by the mediator is incorporated into this Order as the date upon which the mediation session shall occur. In any event, the mediation shall be conducted no later than **SIXTY (60) DAYS**, before the Trial Setting, which is 06/28/2016.

Failure or refusal to attend the mediation as scheduled may result in imposition of sanctions, as permitted by law, which may include dismissal and/or default judgment. Failure to mediate will not be considered cause for continuance of the trial date. Referral to mediation is neither a substitute for, nor a cause for delay of trial, and the case will be tried if not settled.

The mediator is to mail a report regarding the outcome of the mediation session to the Court, with a copy to the ADR Coordinator, immediately after the mediation session.

Counsel shall cooperate with the Court and the mediator in the initiation and conduct of the mediation. "Supreme Court of Texas Miscellaneous Docket No. 05-9107, June 13, 2005."

**SIGNED** on 8/26/2015

Staci Williams, Presiding Judge

pc:    GARY R CLAYTON; DAVID LYNN SARGENT; SPENCER BROWNE; MICHAEL ROBIDOY

RULES FOR MEDIATION

**1. Definition of Mediation.** *Mediation is a process under which an impartial person, the mediator, facilitates communication between the parties to promote reconciliation, settlement or understanding among them. The mediator may suggest ways of resolving the dispute, but may not impose his own judgment on the issues for that of the parties.*

**2. Conditions Precedent to Serving a Mediator.** The mediator shall not serve as a mediator in any dispute in which he has any financial or personal interest in the result of the mediation. Prior to accepting an appointment, the mediator shall disclose any circumstances likely to create a presumption of bias or prevent a prompt meeting with the parties.

**3. Authority of Mediator.** The mediator does not have the authority to decide any issue for the parties, but will attempt to facilitate the voluntary resolution of the dispute by the parties. The mediator is authorized to conduct joint and separate meetings with the parties and to offer suggestions to assist the parties achieve settlement. If necessary, the mediator may also obtain expert advice concerning technical aspects of the dispute, provided that the parties agree and assume the expenses of obtaining such advice, arrangements for obtaining such advice shall be made by the mediator of the parties, as the mediator shall determine.

**4. Parties Responsible for Negotiating Their Own Settlement.** The parties understand that the mediator will not and cannot impose a settlement in their case. The mediator, as an advocate for settlement, will use every effort to facilitate the negotiations of the parties. The mediator does not warrant or represent that settlement will result from the mediation process.

**5. Authority of Representatives.** Party representatives must have authority to settle and all persons necessary to the decision to settle shall be present. The names and addresses of such persons shall be communicated in writing to all parties and the mediator.

**6. Time and Place of Mediation.** The mediator shall fix the time of each mediation session. The mediation shall be held at the office of mediator, or at any other convenient location agreeable to the mediator and the parties, as the mediator shall determine.

**7. Identification of Matters in Dispute.** Prior to the first scheduled mediation session, each party shall provide the mediator and all attorneys of record with an information sheet and request for mediation on the form provided by the mediator setting forth its position with regard to the issues that need to be resolved. At or before the first session, the parties will be expected to produce all information reasonably required for the mediator to understand the issues presented. The mediator may require any party to supplement such information.

**8. Privacy.** Mediation sessions are private. The parties and their representatives may attend mediation sessions. Other persons may attend only with the permission of the parties and with the consent of the mediator.

**9. Confidentiality.** Confidential information disclosed to a mediator by the parties or by witnesses in the course of the mediation shall not be divulged by the mediator. All records, reports or other documents received by a mediator while serving in that capacity shall be confidential. The mediator shall not be compelled to divulge such records or to testify in regard to the mediation in any adversary proceeding or judicial forum except as may be provided in Section 154.073 of the Texas Civil Practice and Remedies Code. Any party that violates this order may be subject to the imposition of sanctions as may be permitted by law. The parties shall maintain the confidentiality of the mediation and shall not rely on, or introduce as evidence in any arbitral, judicial or other proceeding: A) Views expressed or suggestions made by another party with respect to a possible settlement of the dispute; B) Admissions made by another party in the course of the mediation proceedings; C) Proposals made or views expressed by the mediator; or D) The fact that another party had or had not indicated willingness to accept a proposal for settlement made by the mediator.

**10. No Stenographic Record.** There shall be no stenographic record of the mediation process and no person shall tape record any portion of the mediation session.

**11. No Service of Process At or Near The Site of The Mediation Session.** No Subpoenas, summons, complaints, citations, writs or other process may be served upon any person at or near the site of any mediation session upon any person entering, attending or leaving the session.

**12. Termination of Mediation.** The mediation shall be terminated: A) By the execution of a settlement agreement by the parties; B) By declaration of the mediator to the effect that further efforts at mediation are no longer worthwhile; or C) After the completion of one full mediation session, by a written declaration of a party or parties to the effect that the mediation proceedings are terminated.

**13. Interpretation and Application of Rules.** The mediator shall interpret and apply these rules.

**14. Fees and Expenses.** The mediator's daily fee, if agreed upon prior to mediation, shall be paid in advance of each mediation day. The expenses of witnesses for either side shall be paid by the party producing such witnesses. All other expenses of the mediation, including fees and expenses of the mediator, and the expenses of any witness and the cost of any proofs or expert advice produced at the direct request of the mediator, shall be borne equally by the parties unless they agree otherwise.

**ADDITIONALLY, YOU MAY ACCESS THE COURT'S FILE, BY GOING TO:**
**http://courts.dallascounty.org/default.aspx**

# EXHIBIT "C-14"

4586
001734

CAUSE No. DC-15-07588

| | |
|---|---|
| **ROBERT ROSS** | **IN THE DISTRICT COURT** |
| **vs.** | **101st JUDICIAL DISTRICT** |
| **MICHAEL ROBIDOY, et al** | **DALLAS COUNTY, TEXAS** |

## UNIFORM SCHEDULING ORDER

In accordance with Rules 166, 190 and 192 of the Texas Rules of Civil Procedure, the Court makes the following order to control discovery and the schedule of this cause:

1.     This case will be ready and is set for **JURY TRIAL - CIVIL** on **JUNE 28, 2016** at **9:00 AM** ("this Trial Setting"). Reset or continuance of this Trial Setting will not alter any deadlines established in this Order or established by the Texas Rules of Civil Procedure, unless otherwise provided by order.

2.     Unless otherwise ordered, discovery in this case will be controlled by Rule 190.3 (**LEVEL 2**) of the Texas Rules of Civil Procedure.  Except by agreement of the party, leave of court, or where expressly authorized by the Texas Rules of Civil Procedure, no party may obtain discovery of information subject to disclosure under Rule 194 by any other form of discovery.

3.     Any objection or motion to exclude or limit expert testimony due to qualification of the expert or reliability of the opinions must be filed no later than seven (7) days after the close of the discovery period, or such objection is waived.  Any motion to compel responses to discovery (other than relating to factual matters arising after the end of the discovery period) must be filed no later than seven (7) days after the close of the discovery period or such complaint is waived, except for the sanction of exclusion under Rule 193.6.

4.     Any amended pleadings asserting new causes of action or affirmative defenses must be filed no later than thirty (30) days before the end of the discovery period and any other amended pleadings must be filed no later than seven (7) days after the end of the discovery period.  Amended pleadings responsive to timely filed pleadings under this Order may be filed after the deadline for amended pleadings if filed within two (2) weeks after the pleading to which they respond.  Except with leave of court, TRCP 166a motions must be heard no later than thirty (30) days before trial.

5.     No additional parties may be joined more than five (5) months after the commencement of this case except on motion for leave showing good cause.  This paragraph does not otherwise alter the requirements of Rule 38.  The party joining an additional party shall serve a copy of this Order on the new party concurrently with the pleading joining that party.

6.     The parties shall mediate this case no later than sixty (60) days before this Trial Setting, unless otherwise provided by court order.  Mediation will be conducted in accordance with the standing Dallas County Civil District Court order regarding mediation, which is available from the Dallas County ADR Coordinator.  All parties shall contact the mediator to arrange the mediation in accordance with this Court's MEDIATION ORDER.  **CLAYTON, GARY R** is hereby appointed mediator.  The parties must advise both the court and the aforementioned mediator in writing of any agreed mediator within fourteen (14) days from the date this Order.  Any mediator substitution requested beyond such time may only be made by

motion for submission to the court for good cause and under extraordinary circumstances. Unless otherwise ordered by the court, the parties shall select a mediator by agreement; if the parties are unable to agree on a mediator, they shall advise the court within fourteen (14) days of the date of this order; the court will appoint a mediator.

7.    Fourteen (14) days before this Trial Setting, the parties shall exchange a list of exhibits, including any demonstrative aids and affidavits, and shall exchange copies of any exhibits not previously produced in discovery; over-designation is strongly discouraged and may be sanctioned.  Except for records to be offered by way of business record affidavits, each exhibit must be identified separately and not by category or group designation.  Rule 193.7 applies to this designation.  On or before ten (10) days before this Trial Setting, the attorneys in charge for all parties shall meet in person to confer on stipulations regarding the materials to be submitted to the Court under this paragraph and attempt to maximize agreement on such matters. By 4:00 p.m. on the Thursday before this Trial Setting, the parties shall file with the Court the materials stated in Rule 166(e)-(l), an estimate of the length of trial, designation of deposition testimony to be offered in direct examination, and any motions in limine.  Failure to file such materials may result in dismissal for want of prosecution or other appropriate sanction.

8.    All Daubert challenges, all witness challenges, and all dispositive motions, including Motions for Summary Judgment, shall be set and heard at least 30 days prior to this trial setting or they are waived.

Plaintiff/Plaintiff's counsel shall serve a copy of this Order on any currently named defendant(s) answering after this date.

SIGNED on  8/26/2015 .

_____
Honorable STACI WILLIAMS, Presiding Judge

pc:    GARY R CLAYTON; DAVID LYNN SARGENT; SPENCER BROWNE; MICHAEL ROBIDOY

ADDITIONALLY, YOU MAY ACCESS THE COURT'S FILE, BY GOING TO:
http://courts.dallascounty.org/default.aspx